PEOPLE v. PARSHAY.

DECISION OF THE COURT.

1. CRIMINAL LAW—ASSISTANCE OF COUNSEL—WAIVER.

Case involving conviction of robbery armed upon acceptance of plea of guilty is remanded to trial court for new trial, for lack of opportunity to obtain counsel after being advised of his right to the assistance of counsel, per DETHMERS, C. J., T. M. KAVANAGH, and SOURIS, JJ.; remanded for testimonial hearing and determination by trial court on issue of waiver of right to counsel and such further postconviction proceedings as may be deemed necessary, per ADAMS, J.; dissent by KELLY, BLACK, and O'HARA, JJ., on ground that defendant had been afforded opportunity to have assistance of counsel (CLS 1961, § 750.529).

SEPARATE OPINION.

DETHMERS, C. J., and T. M. KAVANAGH and SOURIS, JJ.

2. CONSTITUTIONAL LAW—DUE PROCESS—CRIMINAL LAW—ASSISTANCE OF COUNSEL.

*The bill of rights guarantee of the assistance of counsel in all criminal cases is a right so fundamental and essential to a fair trial and to due process of law, that it is applicable to the States by virtue of the due process clause of the Constitution of the United States (US Const, Ams 6, 14).*

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 6–12] 21 Am Jur 2d, Criminal Law §§ 316, 317.
Duty to advise accused as to right to assistance of counsel. 3 ALR2d 1003.
Accused's right to counsel under the Federal Constitution—Supreme Court cases. 84 L ed 383; 93 L ed 137; 2 L ed 2d 1644; 9 L ed 2d 1260.
[2–5] 21 Am Jur 2d, Criminal Law § 318 et seq.

3. SAME—DUE PROCESS—APPOINTMENT OF COUNSEL—CRIMINAL LAW.
   *The application of the bill of rights guarantee of the assistance
   of counsel in all criminal prosecutions to the States by virtue
   of the due process clause means that counsel must be provided
   a defendant, at least one charged with a felony, who wants
   such assistance but who is unable to employ counsel (US
   Const, Ams 6, 14).*

4. CRIMINAL LAW—RIGHT TO COUNSEL—INDIGENT DEFENDANT—
   ROBBERY ARMED.
   *Defendant who was convicted of robbery armed in 1963 held,
   to have been entitled to be represented at his arraignment
   by an attorney, either one employed by him or, if he was
   unable financially to employ an attorney of his own choosing,
   by an attorney appointed by the court (US Const, Ams 6,
   14; Court Rule No 35a [1945]; GCR 1963, 785.3).*

5. SAME—JUDGMENT—PLEA OF GUILTY—IMPROPERLY TAKEN—RIGHT
   TO COUNSEL.
   *Acceptance by trial court of defendant's plea of guilty to
   charge of robbery armed and sentencing defendant to 12-1/2 to
   25 years imprisonment held, error, where record shows that
   defendant was informed of his rights to a jury trial and to
   the assistance of counsel, but that he was not given an op-
   portunity to assert those rights (US Const, Ams 6, 14; CLS
   1961, § 750.529; Court Rule No 35a [1945]; GCR 1963,
   785.3).*

6. SAME—CONSTITUTIONAL RIGHTS—WAIVER—RIGHT TO COUNSEL.
   *Defendant's failure in a criminal prosecution for robbery
   armed to request assistance of counsel may not be regarded
   as a waiver of his constitutional right thereto, where the
   record shows he was required to plead to the charge against
   him without having been given an opportunity to demand
   a jury trial, to consult with an attorney of his own choosing,
   or to request that one be appointed for him (US Const, Ams
   6, 14; CLS 1961, § 750.529; GCR 1963, 785.3).*

7. SAME—CONSTITUTIONAL RIGHTS—WAIVER.
   *Waiver by a defendant of his right to counsel may not be
   presumed from a silent record, and the record must show,
   or there must be an allegation and evidence which show, that
   an accused was offered counsel but intelligently and under-
   standingly rejected the offer, or there is no waiver (US
   Const, Ams 6, 14; GCR 1963, 785.3).*

DISSENTING OPINION.

KELLY, BLACK, and O'HARA, JJ.

8. CRIMINAL LAW—ARMED ROBBERY—ACCEPTANCE OF PLEA OF GUILTY—ASSISTANCE OF COUNSEL—JURY TRIAL.

*Record in prosecution for armed robbery* held, *to disclose defendant was clearly advised of his right to the assistance of counsel and to a jury trial, when accepting plea of guilty (CLS 1961, § 750.529).*

SEPARATE OPINION.

ADAMS, J.

9. CRIMINAL LAW—RIGHT TO ASSISTANCE OF COUNSEL—WAIVER—QUESTION OF FACT.

*Waiver by one accused of crime of his right to the assistance of counsel is a question of fact.*

10. SAME—RIGHT TO ASSISTANCE OF COUNSEL—WAIVER.

*The constitutional right of an accused to be represented by counsel imposes the responsibility upon the trial judge of determining whether there is an intelligent and competent waiver by the accused of his right to the assistance of counsel.*

11. SAME—WAIVER—RECORD.

*Record of arraignment and plea of guilty of defendant to crime of armed robbery* held, *not to show affirmatively an intelligent and competent waiver by defendant of his right to assistance of counsel (CLS 1961, § 750.529).*

12. SAME—ROBBERY ARMED—GUILTY PLEA—REMAND—WAIVER OF RIGHT TO ASSISTANCE OF COUNSEL.

*Remand of prosecution for robbery armed is ordered to be made to trial court to provide a testimonial hearing and determination by the trial judge on issue of whether defendant who pleaded guilty had waived his right to the assistance of counsel and for such further postconviction proceedings as may be deemed necessary (CLS 1961, § 750-.529).*

Appeal from Superior Court of Grand Rapids; Vander Ploeg (Claude), J. Submitted June 9, 1966. (Calendar No. 9, Docket No. 51,225.) Decided March 13, 1967.

Fred Parshay was convicted of robbery armed. Remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *James K. Miller,* Prosecuting Attorney, *Norman K. Kravitz,* Assistant Prosecuting Attorney, for the people.

*Fred Parshay, in propria persona.*

SOURIS, J. *(for reversal and remand for new trial).*

In March of 1963, defendant was convicted, on his plea of guilty, of armed robbery[1] and was sentenced to imprisonment for 12-1/2 to 25 years. Two years later we granted defendant's application for leave to appeal his conviction and ordered that the appeal be presented directly to this Court.

The record of defendant's arraignment on the information discloses that the trial judge advised defendant of his right to a jury trial and of his right to be represented by an attorney of his own choice or, upon request, by an attorney appointed by the court if defendant had no money to employ one. Unfortunately, the trial judge did not ask the defendant whether he wanted an opportunity to retain his own attorney or, if indigent, that an attorney be appointed for him. Instead, the trial judge asked defendant to plead, interrogated him briefly on his plea of guilty, accepted the plea and pronounced judgment of guilt thereon.

Absent record proof of offer and waiver of counsel, we must reverse and remand for new trial, defendant having been denied his right to the

---

[1] CLS 1961, § 750.529 (Stat Ann 1965 Cum Supp § 28.797)—REPORTER.

assistance of counsel in his defense.   Sixth and
Fourteenth Amendments to the United States Con-
stitution and article 2, § 19, Constitution of 1908
(currently article 1, § 20, Constitution of 1963).

On the very day this defendant stood before the
bar of justice in the Grand Rapids superior court,
March 18, 1963, the United States Supreme Court
decided *Gideon* v. *Wainwright,* 372 US 335 (83 S Ct
792, 9 L ed 2d 799, 93 ALR2d 733).   In *Gideon* the
Supreme Court held that the Sixth Amendment's
guarantee of the assistance of counsel in all crim-
inal prosecutions is a right so fundamental and
essential to a fair trial, and so, to due process of law,
that it is applicable to the States by virtue of the
due process clause of the Fourteenth Amendment
and, further, that counsel must be provided a de-
fendant, at least one charged with a felony, who
wants such assistance but who is unable to employ
counsel.   While it is our belief that defendant
Parshay would be entitled to invoke *Gideon* on this
appeal even if *Gideon* were to be given only pro-
spective effect, defendant's conviction having oc-
curred on the same day as the decision in *Gideon,*
the effective date of the right declared in *Gideon* is
no longer an issue, *Gideon* having been held to apply
retroactively.   *Pickelsimer* v. *Wainwright* (1963),
375 US 2 (84 S Ct 80, 11 L ed 2d 41); *Doughty* v.
*Maxwell* (1964), 376 US 202 (84 S Ct 702, 11 L ed
2d 650); *Arthur* v. *Colorado* (1965), 380 US 250 (85
S Ct 943, 13 L ed 2d 818); and *Linkletter* v. *Walker*
(1965), 381 US 618, at 628 (85 S Ct 1731, 14 L ed
2d 601).   Thus, whether defendant Parshay was
denied the assistance of counsel upon his felony
conviction is an issue of Federal constitutional
magnitude which he is entitled to assert in this
appeal.

However, even before *Gideon,* this Court required,
by rule adopted in 1947, that in every felony prose-

cution the accused be advised of his right to have the assistance of counsel and, if financially unable to employ counsel, that counsel be appointed for him upon his request. See Court Rules (1945), No 35a and, currently, GCR 1963, 785.3. Whatever the nature of the right, constitutional or rule, defendant Parshay, accused of a felony, was entitled to be represented at his arraignment by an attorney, either one employed by him or, if he was unable financially to employ an attorney of his own choosing, by an attorney appointed by the court. This right the trial judge clearly recognized and advised defendant he possessed.

The entire record of defendant's arraignment on the information is set forth in the margin.[2] It clearly appears from that record that the trial judge

---

[2] *"Clerk of the Court.* In file No. 21166, Your Honor, Fred Parshay gives his address as 1748 Ferry Park street, that is in Detroit, Michigan. He gives his age as 29. He is in custody. Mr. Parshay, Your Honor, is presently on parole. His parole officer is Mr. Gagh in Detroit. He was sentenced in recorder's court, Detroit, Michigan, in 1953 on a conviction of robbery while armed. He was paroled in 1958.

*"The Court.* Your name is Fred Parshay?

*"The Respondent* [defendant]*. Fred Parshay.

*"The Court.* At this time, the first count in the information which has been filed against you will be read to you.

*"The Respondent.* I understand what the information contained and that I have read it about three times. I know what it contains and I waive the reading and plead guilty.

*"The Court.* The information has just been filed, I think you have seen a copy of the complaint and warrant, so that there will be no question about it, we will have the first count in the information which is a different document, read to you.

*"The Respondent.* Yes.

*"The Court.* So you will know just what it is.

"(Mr. Miller thereupon read the first count of the information to the respondent * * *.)

*"The Court.* Do you understand that charge placed against you?

*"The Respondent.* Yes.

*"The Court.* And you understand this is a serious charge and if you plead guilty to this or if you are found guilty that it is

---

* CL 1948, § 612.1 (Stat Ann § 27.653), and GCR 1963, 201.1, have specifically provided for upwards of 50 years that the party who commences an action shall be designated as plaintiff and the adverse party as defendant. Such designation is now made applicable to criminal actions by GCR 1963 785.1.—Reporter.

advised Parshay of his rights to a jury trial and to
the assistance of counsel. But, the record also dis-
closes unequivocally that defendant was *not* given

mandatory that you be sentenced to prison for this offense.   Do
you understand that?

"(The Respondent nods head up and down.)

"*The Court.* Your answer is yes?

"*The Respondent.* Yes.

"*The Court.* I want to advise you that you are entitled to a
jury trial to have it determined whether you are guilty or not
guilty, do you understand that?

"(Respondent nods head up and down.)

"*The Court.* You understand?

"*The Respondent.* Yeah, yeah.

"*The Court.* And also that you are entitled to be represented
by an attorney in this matter, that is, an attorney of your own
choice. If you have no money to employ an attorney, if you so
request, I will appoint an attorney to represent you. Do you
understand that?

"(Respondent nods head up and down.)

"*The Court.* Your answer is yes?

"*The Respondent.* Yes.

"*The Court.* Knowing what the charge is in the first count in
the information, knowing what your rights are as I explained them
to you, are you prepared to enter a plea of guilty or not guilty?

"*The Respondent.* Guilty.

"*The Court.* Has any one made you any promises?

"*The Respondent.* No.

"*The Court.* Has any one threatened you?

"(The Respondent shakes head from side to side.)

"*The Court.* Has any one abused you to get you to plead
guilty?

"*The Respondent.* No.

"*The Court.* You do come from Detroit, is that correct?

"*The Respondent.* Yes.

"*The Court.* Did you know this person by the name of Earl
Hatten?

"*The Respondent.* No, I didn't.

"*The Court.* Where did you meet him?

"*The Respondent.* I didn't know him.

"*The Court.* Well, where was it that you did commit this act?

"*The Respondent.* This took place at the Y.M.C.A.

"*The Court.* Oh, I see.

"*The Respondent.* I was attempting to rob the cashier depart-
ment.

"*The Court.* Oh, I think—is this where the employee of the
Y.M.C.A.—

"*The Respondent.* Yes, he works there.

"*The Court.* Was put in a closet or something such as that and
beat up?

"*The Respondent.* Yeah.

"*The Court.* Did you have a gun with you at that time?

"*The Respondent.* Yes, I did.

an opportunity to assert those rights. The pertinent part of the record follows:

"*The Court.* Did you strike this Earl Hatten?

"*The Respondent.* Yes, I did.

"*The Court.* Did you strike him with the gun?

"*The Respondent.* Yeah, I plead guilty to the charge.

"*The Court.* I mean, you did do that, is that correct?

"*The Respondent.* Yeah.

"*The Court.* Did you take the $2 from him?

"*The Respondent.* Yeah, yeah.

"*The ·Court.* Did you later take other merchandise from the Y.M.C.A.?

"*The Respondent.* Yeah. Yeah.

"*The Court.* Were you staying at the Y.M.C.A.?

"*The Respondent.* No, I was not. I was supposed to be living in Detroit.

"*The Court.* Was there any one else involved with you in this matter?

"*The Respondent.* Not on this job, no.

"*The Court.* On some other charge?

"*The Respondent.* One of them.

"*The Court.* What was that?

"*The Respondent.* Armed robbery.

"*The 'Court.* ' What place did you hold up?

"*The Respondent.* Some place out on Hall. I don't know what the name of it was. Some market.

"*The Court.* And who was with you at that time?

"*The Respondent.* I don't believe that is an issue here, is it?

"*The Court.* No, if you don't desire to talk about it at this time. I think I know who it' was. We both know who it was, is that correct? Alright, I won't go into that other matter with you. Now, no one has made any threats or promises or abused you, is that correct?

"*The Respondent.* No.

"*The Court.* Plea of guilty will be accepted. Same will be recorded. The respondent is remanded to the Kent county jail for· sentence. The court asks for a presentence report.

"*The Respondent.* May I make one request?

"*The Court.* Sure.

"*The Respondent.* They have a law under which if a man is confined for a number of years and sexual abbreviations [aberrations, *sic*?] seem to be connected with the crime, he can request a hearing as a sexual .psychopath, and I would like to request a hearing at this time.

. "*The Court.* I will get a presentence report, and I don't know at all what you are talking about at this time concerning any sexual matters.

"*The Respondent.* Well, this is to determine whether a man goes to prison or to the insane [*sic*] asylum.

"*The Court.* Your request is on the record and the court is asking for a presentence report.

"*The Respondent.* Thank you very kindly.

"*Clerk of the Court.* Mr. Parshay, step over and see one of the gentlemen on my left."

"*The Court.* I want to advise you that you are entitled to a jury trial to have it determined whether you are guilty or not guilty, do you understand that?

"(Respondent nods head up and down.)

"*The Court.* You understand?

"*The Respondent.* Yeah, yeah.

"*The Court.* And also that you are entitled to be represented by an attorney in this matter, that is, an attorney of your own choice. If you have no money to employ an attorney, if you so request, I will appoint an attorney to represent you. Do you understand that?

"(Respondent nods head up and down.)

"*The Court.* Your answer is yes?

"*The Respondent.* Yes.

"*The Court.* Knowing what the charge is in the first count in the information, knowing what your rights are as I explained them to you, are you prepared to enter a plea of guilty or not guilty?

"*The Respondent.* Guilty."

Whatever may have been defendant's actual comprehension of the rights stated by the trial judge to be his, he was required to plead to the charge against him without having been given an opportunity to demand a jury trial, to consult with an attorney of his own choosing, or to request that one be appointed for him, before being called upon by the judge to enter his plea.

In March of 1963, when defendant was arraigned, GCR 1963, 785.3(1) read as follows:

"(1) Arraignment. If the accused is not represented by counsel upon arraignment, before he is required to plead, the court shall advise the accused that he is entitled to a trial by jury and to have counsel, and that in case he is financially unable to provide counsel the court will, if accused so requests, appoint counsel for him. If the accused states he will procure counsel or requests that counsel be

appointed, a reasonable time thereafter shall be allowed for counsel to consult with the accused before his plea shall be taken."

The rule did not in express language direct the judge to ask the accused whether he wanted a jury trial and whether he wanted to hire his own attorney or, if indigent, to have counsel appointed for him. However, it is implicit in the language of the first sentence of the rule quoted above that the accused, before he is required to plead, be given an opportunity to invoke the rights which the judge is required to advise him he possesses. See *People* v. *Hilko* (1966), 5 Mich App 166; *People* v. *Winegar* (1966), 4 Mich App 547; *People* v. *Curtis Lee Williams* (1966), 2 Mich App 232; and *People* v. *Atkins* (1966), 2 Mich App 199. If there be any doubt about that, the second sentence of the quoted rule surely removes it, at least as to the right to counsel's assistance. By its express language it requires that a reasonable time be allowed, after the accused states he will procure counsel or requests that counsel be appointed, and before a plea is taken, for such counsel to consult with the accused. It is clear beyond dispute that the quoted rule means something more than that certain advice be given regarding some rather fundamental rights of an accused, but that he need not be given an opportunity to invoke those rights.

As I understand my Brother O'Hara's opinion, he believes that defendant Parshay was accorded such opportunity. I do not. Had the judge, after advising defendant of his rights and before taking his plea, asked him whether he wanted an opportunity to hire counsel and to consult with counsel or, if indigent, to have counsel appointed for him, then I would agree that defendant had been given the opportunity to invoke his stated rights which I read the rule to require. That was not done here, as the

arraignment record set forth in the margin and partially quoted above clearly discloses, and for that reason alone, we are required in my judgment to reverse and remand for further proceedings.

But there is another dimension to the facts disclosed by this record. As noted above, the right to counsel defendant claims was denied him, since *Gideon* v. *Wainwright, supra,* is a right guaranteed by the Sixth Amendment of the Federal Constitution that is made applicable to the States by the Fourteenth Amendment. How that federally guaranteed right to counsel may be waived has been determined by the United States Supreme Court, our judicial superior in matters affecting Federal constitutional rights. It is no longer open to this Court to say, as I read Justice O'HARA's opinion to mean, that an accused's failure to request the assistance of counsel may be regarded as a waiver of his constitutional right thereto. The Supreme Court has said, instead, precisely the contrary, that waiver of counsel may not be presumed from failure to request such assistance; that something more than mere silence is necessary to constitute waiver.

Thus, in *Carnley* v. *Cochran* (1962), 369 US 506 (82 S Ct 884, 8 L ed 2d 70), a criminal case arising out of the State courts of Florida, the Supreme Court said (p 516):

"Presuming waiver from a silent record is impermissible. The record must show, or there must be an allegation and evidence which show, that an accused was offered counsel but intelligently and understandingly rejected the offer. Anything less is not waiver."

Even as early as 1938, in *Johnson* v. *Zerbst,* 304 US 458 (58 S Ct 1019, 82 L ed 1461, 146 ALR 357), the Supreme Court considered the duty imposed upon the trial judge, and the manner of its exercise, in determining whether an adequate waiver of counsel

was made, in circumstances which, even then before *Gideon,* gave rise to a federally guaranteed right to counsel (p 465):

"The constitutional right of an accused to be represented by counsel invokes, of itself, the protection of a trial court, in which the accused—whose life or liberty is at stake—is without counsel. This protecting duty imposes the serious and weighty responsibility upon the trial judge of determining whether there is an intelligent and competent waiver by the accused. While an accused may waive the right to counsel, whether there is a proper waiver should be clearly determined by the trial court, and it would be fitting and appropriate for that determination to appear upon the record."

For recent summary application by the Supreme Court of *Carnley's* rule in a State criminal case, see *Doughty* v. *Maxwell* (1964), 376 US 202 (84 S Ct 702, 11 L ed 2d 650), reversing, *per curiam, Doughty* v. *Sacks* (1963), 175 Ohio St 46 (191 NE2d 727). See, also, *Rice* v. *Olson* (1945), 324 US 786 (65 S Ct 989, 89 L ed 1367), and, on the subject of waiver of constitutional rights, generally, *Fay* v. *Noia* (1963), 372 US 391 (83 S Ct 822, 9 L ed 2d 837).

This Court had occasion in *People* v. *Whitsitt* (1960), 359 Mich 656, to examine the record of proceedings the people claimed constituted the intelligent and understanding waiver of counsel by an accused. That record, which this Court unanimously found did not constitute waiver, factually or legally, merits requotation from our opinion in *Whitsitt, supra,* p 663, for comparison with the record of arraignment proceedings in this case of Parshay:

"'Q. [*By the Court.*] You are here without an attorney. Do you desire to have an attorney to represent you in this matter, or are you willing we should go ahead with the case without one?

"'A. I think that we may, Your Honor.

" 'Q. You say that "we may"?

" 'A. Yes, sir.

" 'Q. Do you want an attorney now?

" 'A. I would rather leave it up to the other 3 boys, if they wish it.

" 'Q. The other 3, I understand, do not desire an attorney, and they have not had an attorney.

" 'A. All right.

" 'Q. Is it all right with you?

" 'A. Yes, sir.

" 'Q. To go ahead, is that what you mean?

" 'A. Yes, sir.

" 'The Court. The plea is accepted.' "

In *Whitsitt* the accused was asked, directly, whether he wanted an attorney, and he replied he did not; yet, this Court unanimously held such inquiry and response was inadequate, factually and legally, to pass muster as an intelligent and understanding waiver of the accused's federally assured right to counsel. See, also, *Moore* v. *Michigan* (1957), 355 US 155 (78 S Ct 191, 2 L ed 2d 167), relied upon in *Whitsitt;* and *In re Palmer* (1963), 371 Mich 656. In Parshay, on the other hand, the record discloses that while defendant was advised of his right to the assistance of counsel, he was never asked whether he wanted to retain counsel or to have the court appoint counsel for him. From such a record, a "silent record," in the words of *Carnley, supra,* a waiver of counsel cannot be found. See *People* v. *Winegar* (1966), 4 Mich App 547, and *People* v. *Hobdy* (1966), 5 Mich App 275.

Defendant was not represented by counsel; he was not accorded an opportunity to request the assistance of counsel, retained or appointed; nor did he waive such assistance. In consequence, his conviction must be vacated and a new trial ordered.

Dethmers, C. J., and T. M. Kavanagh, J., concurred with Souris, J.

O'Hara, J. (*dissenting*). I am not in accord with Mr. Justice Souris' result. I have no specific disagreement with the broad principles of law he enunciates, but I fail to see, short of *imposing* counsel upon the defendant and refusing to accept his plea of guilty, how the trial court could have done more to apprise him of his constitutionally guaranteed rights.

The whole record my colleague quotes portrays to me the sincere effort of a trial judge to bend over backward in complying with a federally ordained format to advise an accused of his right to retained counsel or counsel at public expense. I find the examination of the accused fulfilled every constitutional requirement, State or Federal.

My specific point of difference with Mr. Justice Souris is in his statement:

"Unfortunately, the trial judge did not ask the defendant whether he wanted an opportunity to retain his own attorney or, if indigent, that an attorney be appointed for him."

I do not so read the record. I quote:

"*The Court.* I want to advise you that you are entitled to a jury trial to have it determined whether you are guilty or not guilty, do you understand that?

"(Respondent nods head up and down.)

"*The Court.* You understand?

"*The Respondent.* Yeah, yeah.

"*The Court. And also that you are entitled to be represented by an attorney in this matter, that is, an attorney of your own choice. If you have no money to employ an attorney, if you so request, I will appoint an attorney to represent you. Do you understand that?*

"(Respondent nods head up and down.)

"*The Court.* Your answer is yes?

"*The Respondent.* Yes.

"*The Court.* Knowing what the charge is in the first count in the information, *knowing what your rights are as I explained them to you,* are you prepared to enter a plea of guilty or not guilty?

"*The Respondent.* Guilty." (Emphasis supplied.)

From the foregoing excerpt, saving some super semantics, I conclude the trial court did just exactly what my esteemed colleague says he did not do. Hence, I opine the Federal cases he has cited are not controlling.

KELLY and BLACK, JJ., concurred with O'HARA, J.

ADAMS, J. (*for remand*). I am unable to agree with Justice SOURIS or Justice O'HARA. The crucial issue is not defendant's right to counsel—no one seriously questions the existence of this right, both as a Federal and State right—but whether defendant waived such right.

What took place upon arraignment has been set forth in the opinions of Justices SOURIS and O'HARA and need not be repeated. Possibly pertinent to defendant's behavior upon his arraignment was his detention for eight days before he was taken before a magistrate. The record before us, to some extent, gives support to defendant's contention that he was held incommunicado for an eight-day period.[1]

---

[1] In a letter dated April 22, 1965, Arnold O. Pigorsh, sheriff of Kent County, wrote defendant as follows:

"In reply to your letter pleased be advised that your records indicate you were placed in semi-solitary on the lower floor of the institution and that you were brought in by the Grand Rapids Police on Feb. 8, 1963, at 4 p.m. charged with armed robbery. A bond of $5,000 was set plus a detainer dated Feb. 8, 1963, from the bureau of pardons and paroles signed by a Mr. Faber.

"The dates show you were taken to police court on Feb. 11–14–15– and bound over to superior court also on Feb. 18th a guilty plea was entered in superior court.

On May 25, 1964, without the assistance of counsel, defendant filed in the trial court pleadings entitled "Application for leave to appeal in the superior court of Grand Rapids in the nature of a general appeal," by which he sought to have his conviction set aside and a new trial granted. One day later, on May 26, 1964, Judge Vander Ploeg rendered an opinion in which he reviewed Parshay's application for leave to appeal and found no error. The opinion was nothing more than a statement of Parshay's claims, of the charge in the information, and of the stenographic report of the arraignment proceedings. No finding is made by the Judge with regard to Parshays' eight-day detention. No finding is made with regard to defendant's mental condition.[2] No finding is made as to whether Parshay waived his right to counsel at the time of arraignment.

Based upon the record which is before us, I am unpersuaded that defendant waived his right to counsel. Waiver is a question of fact. *Johnson* v. *Zerbst* 304 US 458, 464 (58 S Ct 1019, 82 L ed 1461, 146 ALR 357); *Rice* v. *Olson,* 324 US 786, 788, 789 (65 S Ct

---

"On March 18, 1963, you were taken to superior court and the sentence indicates 12-1/2 to 25 years in Jackson.

"On March 20, 1963, at 10:15 p.m. you were taken to the hospital for slashed wrists and returned at 11 p.m.

"You were in this jail a total of 43 days and no record indicates any denial of your right as an inmate, only that you were kept in semi-solitary.

"Also in our files I do have the petition of the prosecuting attorney where you were returned to this jail regarding a case in which you were to be a witness. Further, I do not have any records on relatives or lawyers visiting you."

[2] On the day defendant entered his plea of guilty, he said:

"They have a law under which if a man is confined for a number of years and sexual abreviations [aberrations *sic?*] seem to be connected with the crime, he can request a hearing as a sexual psychopath, and I would like to request a hearing at this time."

On the day of sentencing, defendant said:

"Well, the last time I appeared before this court, I asked this court for a hearing as an habitual criminal and psychopath, and I would like to know why this request was denied?"

Two days later defendant was treated for slashed wrists.

989, 89 L ed 1367); *Carnley* v. *Cochran,* 369 US 506, 515 (82 S Ct 884, 8 L ed 2d 70).

Based upon the record before us, members of this Court have come to completely contrary conclusions on the issue as to whether "the accused did  *  *  * intelligently and understandingly waive his constitutional right." *Carnley* v. *Cochran, supra. People* v. *Whitsitt,* 366 Mich 609; *In re Palmer,* 371 Mich 656.

"The constitutional right of an accused to be represented by counsel invokes, of itself, the protection of a trial court, in which the accused—whose life or liberty is at stake—is without counsel. This protecting duty imposes the serious and weighty responsibility upon the trial judge of determining whether there is an intelligent and competent waiver by the accused." *Johnson* v. *Zerbst, supra,* p 465.

I would remand to the circuit court for Kent county for a testimonial hearing and a determination by the trial judge on the issue of waiver and such further postconviction proceedings as may be deemed necessary.

BRENNAN, J., took no part in the decision of this case.