PEOPLE v. HOBDY.

Opinion of the Court.

1. Criminal Law—Right to Counsel—Waiver.
    There is no constitutional requirement, State or Federal, that a waiver of the right to counsel in criminal prosecutions be express.

2. Same—Right to Counsel—Waiver—Plea of Guilty.
    Acceptance of plea of guilty to charge of breaking and entering in the nighttime with intent to commit larceny, from defendant not represented by counsel, who had not expressly waived his right to counsel, held, not a denial of due process of law where defendant does not contend that he was not informed of his right to counsel but only that he did not expressly waive it (CL 1948, § 750.110).

Separate Opinion.

Adams, J.

3. Criminal Law—Right to Counsel—Waiver.
    *There is no constitutional requirement that a waiver of the right to counsel in criminal prosecutions be express.*

---

References for Points in Headnotes
[1-4, 6] 21 Am Jur 2d, Criminal Law § 316 et seq.
[5] 21 Am Jur 2d, Criminal Law § 318 et seq.

4. Same—Right to Counsel—Waiver.

　　*Failure of defendant to request counsel amounted to a waiver of the right to counsel where defendant, charged with breaking and entering in the nighttime with intent to commit a larceny, pleaded guilty after trial court asked him if he understood the charge, told him the maximum penalty provided by law for the offense, and explained his rights to a jury trial, representation, and appointment of counsel and ended with the question "what do you wish to do?", defendant replied that he wished to plead guilty, and there is nothing in the record to show that defendant did not comprehend his right (CL 1948, § 750.110).*

### Dissenting Opinion.

### T. M. Kavanagh and Souris, JJ.

5. Criminal Law—Right to Counsel—Indigent Defendant.

　　*Court rule of criminal procedure requiring an accused to be advised of his right to counsel means that a defendant should be given an opportunity to invoke his constitutionally guaranteed right to the assistance of retained or appointed counsel before he is required to plead (US Const, Ams 6, 14; GCR 1963, 785.3[1]).*

6. Same—Plea of Guilty—Right to Counsel—Waiver.

　　*Acceptance by trial court of defendant's plea of guilty to charge of breaking and entering in the nighttime with intent to commit larceny was error, where record showed that although defendant was informed of his rights to a jury trial and to the assistance of counsel, he was not given an opportunity to assert those rights, and was not asked to waive his rights nor did he volunteer such a waiver (US Const, Ams 6, 14; CL 1948, § 750.110; GCR 1963, 785.3[1]).*

Appeal from Court of Appeals, Division 3; Burns, P. J., Fitzgerald and T. G. Kavanagh, JJ., reversing Berrien, Zick (Karl F.), J. Submitted December 6, 1967. (Calendar No. 41, Docket No. 51,707.) Decided May 8, 1968.

5 Mich App 275, reversed.

Phillip Hobdy was convicted on plea of guilty to breaking and entering in the nighttime with intent

to commit larceny. He took a delayed appeal. Court of Appeals reversed and remanded. The people appeal. Reversed and judgment of trial court affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *John T. Hammond,* Prosecuting Attorney, and *Harry J. Creager,* Assistant Prosecuting Attorney, for the people.

*Thomas H. Adams, Jr.,* for defendant.

O'HARA, J. This is an appeal on leave granted from an order of the Court of Appeals denying an application for rehearing sought by the people. The opinion and order upon which rehearing was asked vacated defendant appellee's plea of guilty and remanded the case to the circuit court for trial.[1]

The plea of guilty was entered July 7, 1961. The Court of Appeals based its opinion solely upon Court Rule No 35A (1945), now GCR 1963, 785.3, as interpreted by *In re Palmer* (1963), 371 Mich 656. The Court said:

"The Supreme Court of Michigan interpreted the above court rule in the case of *In re Palmer* (1963), 371 Mich 656, and on page 666 stated:

" 'The import of *Gideon* is that *any* felony prosecution in which an accused is not represented by counsel, *and does not expressly waive benefit of counsel,* does not fulfill the requirements of a "fair trial" and thus is a denial of due process.' (Emphasis partially supplied.)

"The defendant did not *expressly waive* his right to counsel. The defendant's plea of guilty is hereby set aside and the case is remanded for trial." (Emphasis by Court of Appeals.)

---

[1] 5 Mich App 275.

Since the Court of Appeals based its decision squarely on the issue of *express* waiver, we address ourselves only to that issue.

*In re Palmer, supra,* is not precedential authority for anything. It stands only for the vacation of *that* appellant's plea of guilty in *that* case.[2] The opinion was signed unreservedly only by Justices T. M. KAVANAGH and SOURIS. Five Justices concurred only in the result. I wrote separately on the then unsettled question of the retroactivity of certain Federal Supreme Court decisions.[3]

The statement appearing in *Palmer, supra,* p 666, that *Gideon* v. *Wainwright, supra,* requires that there be an express waiver of counsel in order to comport with due process is not the majority voice of this Court. Nor am I able to find that express waiver of counsel is required by any United States Supreme Court decision. The Court of Appeals was in error in holding that GCR 1963, 785.3 as interpreted by *Palmer* or *Gideon* required such an express waiver.

It is not contended by defendant that the circuit judge did not advise him of his *right* to retained counsel or to counsel at public expense if he were indigent. His only complaint is that he did not

---

[2] In *Palmer* the accused was never advised of his right to counsel, nor of his right to have counsel furnished at public expense if·he were indigent. In that regard the constitutional error of the trial judge before whom Palmer was arraigned and subsequently sentenced duplicated that of each trial judge when Johnson (*Johnson* v. *Zerbst* [1938], 304 US 458 [58 S Ct 1019, 82 L ed 1461, 146 ALR 357]), Rice (*Rice* v. *Olson* [1945], 324 US 786 [65 S Ct 989, 89 L ed 1367], Carnley (*Carnley* v. *Cochran* [1962], 369 US 506 [82 S Ct 884, 8 L ed 2d 70]) and Gideon (*Gideon* v. *Wainwright* [1963], 372 US 335 [83 S Ct 792, 9 L ed 2d 799, 93 ALR2d 733]) were arraigned and convicted without the aid of counsel.

[3] That Court has since taken differing positions with regard to the retroactivity or prospectivity of its new decisions in criminal matters. The rationale of the difference is still unclear to me. See *Linkletter* v. *Walker* (1965), 381 US 618 (85 S Ct 1731, 14 L ed 2d 601); *Johnson* v. *New Jersey* (1966), 384 US 719 (86 S Ct 1772, 16 L ed 2d 882), and *Tehan* v. *United States, ex rel. Shott* (1966), 382 US 406 (86 S Ct 459, 15 L ed 2d 453).

*expressly* waive the right. Outside of the non-precedential *Palmer,* we find no reference to an express waiver of counsel in any Michigan or Federal case cited or discussed.

The order of the Court of Appeals vacating the plea of guilty is reversed. The judgment of conviction entered on defendant's plea of guilty in the circuit court is affirmed.

DETHMERS, C. J., and KELLY, BLACK, and BRENNAN, JJ., concurred with O'HARA, J.

ADAMS, J. (*concurring*). While it is highly desirable that there be an express waiver of any constitutional right in a criminal case, I agree with Justice O'HARA that the test is not *express* waiver. It is possible that under some circumstances an express waiver would not meet the constitutional test that a defendant "intelligently and understandingly" waive the assistance of counsel. *Carnley* v. *Cochran* (1962), 369 US 506 (82 S Ct 884, 8 L ed 2d 70). See, also, my opinion in *People* v. *Stearns* (1968), 380 Mich 704, 706.

Upon arraignment, the following occurred:

"*The Court:* Mr. Hobdy, that document you hold in your hands is a copy of the information filed against you charging you with breaking and entering in the nighttime with intent to commit a larceny.* Do you understand the charge?

"*Respondent:* Yes, I do.

"*The Court:* I must advise you that under that offense the maximum penalty is 15 years in prison. Do you understand that?

"*Respondent:* Yes, sir.

"*The Court:* You are entitled to a jury trial under this charge if you want one and entitled to be represented by a lawyer, a lawyer of your own choosing

---

* CL 1948 § 750.110 (Stat Ann 1962 Rev § 28.305).—REPORTER.

if you can retain one, or counsel appointed by the court for you if you want counsel and can't afford a lawyer and make a proper showing. Do you understand those rights?

"*Respondent:* Yes, I do.

"*The Court:* Right to a jury trial and right to a lawyer. Also, you have a right, of course, to plead guilty or not guilty, as the case may be, to this charge. With that explanation of your rights, what do you wish to do?

"*Respondent:* I wish to plead not guilty—I mean guilty, sir.

"*The Court:* Do I understand that you are pleading guilty because you know you did on the 28th day of June, 1961, township of Baroda, this county, this State, commit this offense of breaking and entering in the nighttime with intent to commit a larceny?

"*Respondent:* Yes, sir.

"*The Court:* You know that it will be necessary for the court to impose a penalty somewhat within the limitations I have stated?

"*Respondent:* Yes, sir.

"*The Court:* Has anyone used any force or fraud or tricks or intimidations of any kind to get you to plead guilty?

"*Respondent:* No.

"*The Court:* Has anyone made any promises or held out any inducements to get you to plead guilty?

"*Respondent:* No.

"*The Court:* Do I understand that you are pleading guilty because you know you are guilty and know you will have to be punished for the offense?

"*Respondent:* That's right.

"*The Court:* How old are you?

"*Respondent:* 22.

"*The Court:* Under the circumstances, the court finds the plea to be freely, voluntarily, and understandingly offered; and therefore it is received."

When the judge asked, "With that explanation of your rights, what do you wish to do?", the defendant

had an opportunity to request counsel. Upon this record, there is nothing to show defendant did not comprehend such right. I would hold that his failure to request counsel, in these circumstances, constituted waiver of same.

I vote to reverse the Court of Appeals and affirm the judgment of conviction entered on defendant's plea of guilty in the circuit court.

Souris, J. (*dissenting*). The proceedings at arraignment on the information in this case are strikingly similar to those disclosed by the record in *People* v. *Parshay* (1967), 379 Mich 7. This defendant, like Parshay, was required to plead after being advised of his right to the assistance of counsel and to the appointment of counsel in his behalf if too poor to retain counsel, but he was not given an opportunity to request such assistance from retained or appointed counsel; nor does the record disclose an express waiver of counsel. Compare the record of arraignment proceedings quoted in Mr. Justice Adams' opinion herein with the *Parshay* record quoted in my opinion in that case at page 15.

As in *Parshay*, I find that the judge failed to comply with GCR 1963, 785.3(1). That rule, as I read it, requires that something more than technical advice be given an unrepresented defendant; it requires that defendant be given an opportunity to invoke his constitutionally guaranteed right to the assistance of retained or appointed counsel before he is required to plead. This defendant, instead, like *Parshay*, for all practical purposes was required to plead without being asked on the record whether he wanted the assistance of counsel. Furthermore, again like *Parshay*, this record does not disclose that defendant expressly waived such assistance. He was not asked to do so and he did not volunteer

such waiver. The cases requiring that the record disclose such express waiver are collected and discussed in my opinion in *Parshay.*

For the foregoing reasons, I would affirm the Court of Appeals' vacation of the defendant's conviction on his plea of guilty and its remand of the case to the circuit court for trial.

T. M. KAVANAGH, J., concurred with SOURIS, J.