PEOPLE *v.* GROGG.

CRIMINAL LAW—RIGHT TO COUNSEL—WAIVER.

> Defendant was not denied his right to counsel on his arraignment for breaking and entering in the night time by virtue of his pleading guilty without expressly waiving right to counsel since a waiver of counsel need not be express to be effective (CL 1948, § 750.110).

Appeal from Berrien, Zick (Karl F.), J. Submitted Division 3 December 7, 1967, at Grand Rapids. (Docket No. 3,268.) Decided July 24, 1968.

William Grogg was convicted, on a plea of guilty, of breaking and entering in the night time. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *John T. Hammond,* Prosecuting Attorney, and *Harry J. Creager,* Assistant Prosecuting Attorney, for the people.

*Edward M. Yampolsky* and *Robert S. Yampolsky,* for defendant on appeal.

BURNS, J. Defendant pleaded guilty to breaking and entering in the night time. CL 1948, § 750.110 (Stat Ann 1962 Rev § 28.305). The crime was committed on September 15, 1963. On appeal he claims

REFERENCE FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law § 316.

that he was denied the assistance of counsel as he did not expressly waive his right to have counsel appointed for him.

During the arraignment the following colloquy took place:

"*The Court:* I must advise you that you are * * * entitled to be represented by a lawyer, if you want one, preferably one of your own choosing if you can retain one. On the other hand, if you wish a lawyer and cannot retain one, the court will appoint a lawyer for you upon a proper showing. Do you understand those rights?

"*Defendant:* Yes, sir.

"*The Court:* Right to a lawyer and right to a jury trial. You also have a right to plead guilty or not guilty, as the case may be, to this charge. With that explanation of your rights, what do you wish to do?

"*Defendant:* I plead guilty."

The above exchange is almost identical to the crucial portion of the arraignment in *People* v. *Hobdy* (1968), 380 Mich 686. In *Hobdy* the Supreme Court affirmed a judgment of conviction entered on a plea of guilty by holding that Michigan and Federal authorities do not require that there be any express waiver of counsel.

Affirmed.

HOLBROOK, P. J., and J. H. GILLIS, J., concurred.