PEOPLE v. SCOTT.
OPINION OF THE COURT.

1. CRIMINAL LAW—RIGHT TO COUNSEL—WAIVER.
    Waiver of the right to counsel in a criminal case need not be express.

2. SAME—ARMED ROBBERY—WAIVER OF RIGHT TO COUNSEL.
    A knowing and intelligent waiver was made when a defendant, charged with armed robbery and not shown to be illiterate, was told that he was entitled to counsel even if he could not afford it and said he understood this but stated that he preferred to enter a guilty plea (CLS 1961, § 750.529).

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 21 Am Jur 2d, Criminal Law § 316.
[3] 21 Am Jur 2d, Criminal Law §§ 309, 314, 316, 317.
[4] 21 Am Jur 2d, Criminal Law § 220.

DISSENTING OPINION.

T. M. KAVANAGH, J.

3. CRIMINAL LAW—DUE PROCESS—RIGHT TO ASSISTANCE OF COUNSEL
—SPECIFIC INQUIRY.

Procedural requirement that trial court make a specific inquiry
whether defendant charged with crime wants the assistance of
counsel rather than merely informing defendant of his right
to jury trial and counsel is a slight burden on the proceedings,
far outweighed by the danger of the defendant being caught
up in swift procedure and losing his right (GCR 1963, 785.3).

4. SAME—DUE PROCESS—RIGHTS OF THE ACCUSED.

The requirements of due process are not met when a defendant
charged with crime is merely advised that he has a certain right
without being given an opportunity to assert it (GCR 1963,
785.3).

Appeal from Kent, Vander Ploeg (Claude), J.,
following denial of delayed appeal by Court of
Appeals (No. 2,375). Submitted March 6, 1968.
(Calendar No. 22, Docket No. 51,620-1/2.) Decided
September 25, 1968.

James Bryan Scott was convicted of armed rob-
bery. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *James K. Miller,*
Prosecuting Attorney, and *S. J. Venema,* Assistant
Prosecuting Attorney, for the people.

*Cholette, Perkins & Buchanan (Calvin R. Danhof,*
of counsel), for defendant on appeal.

DETHMERS, C. J. This is *Parshay* revisited. It
affords this writer the opportunity of acknowledging
what he now considers to have been his error in
joining in the opinion he did in that case. *People* v.
*Parshay* (1967), 379 Mich 7.

Appellant states the question involved in this case to be:

"Where the trial court advised respondent[1] of his right to assistance of counsel, but failed to ask respondent whether he wished to retain his own attorney, or, if indigent, appoint an attorney for him, has respondent been denied his right to assistance of counsel in his defense?"

Defendant was charged with armed robbery.[2] Upon arraignment on the information in the superior court of Grand Rapids, a considerable colloquy occurred between the court and defendant who was at the time without counsel. A portion thereof was as follows:

"*The Court:* James Bryan Scott, at this time, the charge in the information which has been filed against you by the people of the State of Michigan will be read to you.

"*The Respondent:*[1] I would rather waive it now.

"*The Court:* In that there is no attorney here, we will have it read, and then there will be no question about your understanding the charge.

"(Mr. Educato thereupon read the information to the respondent. \* \* \*)

"*The Court:* James Bryan Scott, do you understand this charge placed against you by the people of the State of Michigan?

"*The Respondent:* Yes, sir.

"*The Court:* You understand, Mr. Scott, that this is a serious charge placed against you by the people of this State?

"*The Respondent:* Yes, sir.

---

[1] Defendant is called respondent in the transcript. CL 1948, § 612.1 (Stat Ann § 27.653) and its predecessors for upwards of 50 years, and, now, GCR 1963, 201.1 and 785.1, require that parties to an action be designated as plaintiff or defendant.—REPORTER.

[2] CLS 1961, § 750.529 (Stat Ann 1968 Cum Supp § 28.797).—REPORTER.

"*The Court:* And I want to advise you as I just did in my chambers that if you plead guilty to this offense, or if you are found guilty by a jury of this offense, that it is mandatory that I sentence you to Jackson Prison.

"*The Respondent:* Yes.

"*The Court:* You do understand that?

"*The Respondent:* Yes.

"*The Court:* You also know that the sentence, as I explained to you in my chambers, carries up to life imprisonment.

"*The Respondent:* Yes.

"*The Court:* You know that?

"*The Respondent:* Yes.

"*The Court:* In my chambers, I explained to you I would in no way indicate to you what the sentence in this cause was going to be, is that correct?

"*The Respondent:* Yes, sir.

"*The Court:* And, Mr. Scott, knowing what the charge is here, I further want to explain to you that you are entitled to a jury trial to have it determined whether you are guilty or not guilty of this offense. Do you understand that?

"*The Respondent:* Yes.

"*The Court:* I further want to advise you, James Scott, that you are entitled to be represented by an attorney in this matter. If you don't have the money to employ an attorney, if you so request, I will appoint an attorney to represent you. Do you know that?

"*The Respondent:* Yes, sir.

"*The Court:* Now, James Scott, knowing what this charge is, knowing the seriousness of this offense, knowing what your rights are, are you prepared at this time to enter a plea of guilty or not guilty?

"*The Respondent:* Yes, sir.

"*The Court:* And what is your plea?

"*The Respondent:* Guilty.''

There followed a detailed statement by defendant to the court of how he had committed the crime. Thereafter the plea of "guilty" was accepted. Later the court imposed a sentence of from 15 to 25 years in State prison at Jackson.

In his brief appellant states that:

"The record further shows that respondent at the time of the arraignment on December 10, 1962, was 27 years of age and had a prior criminal record."

He had been released from prison a few months before commission of this offense.

About 3–1/2 years after sentence defendant filed a motion to set aside the plea of guilty and for a new trial. The trial court denied the motion. The Court of Appeals denied an application for delayed appeal. On leave granted defendant is here on appeal, and is represented by court-appointed counsel.

I was and now am in accord with what was written by Mr. Justice O'HARA in *People* v. *Hobdy* (1968), 380 Mich 686, and in *People* v. *Dunn* (1968), 380 Mich 693, on the subject of a knowing and intelligent waiver of counsel and the absence of any requirement that it be express. But for the relationship with one of those connected with the prosecutions in *People* v. *Winegar* (1968), 380 Mich 719, and *People* v. *Hoy* (1968), 380 Mich 597, which necessitated a disqualification from participation in those two cases, this writer would have concurred in opinions for confirming convictions therein. Controlling opinions in the above cases cited in this paragraph call for affirmance here.

When, as here, a 27-year-old accused, with a criminal record and experience in criminal proceedings and no showing of mental deficiency or illiteracy, is told by the court that he is entitled to a jury

trial and to be represented by an attorney and that, if financially unable to employ counsel, at his request the court will appoint an attorney for him, and he then says he understands this but that, knowing what his rights are, he wishes to enter a plea and thereupon does enter a plea of guilty, no exercise in semantics, however exquisite, can lead us to conclude that this was not a knowing and intelligent waiver of counsel. That is all that the cases, Federal or State, now require. Express waiver is not necessary.

Conviction affirmed.

KELLY, BLACK, O'HARA, ADAMS, and T. E. BRENNAN, JJ., concurred with DETHMERS, C. J.

T. M. KAVANAGH, J. (*dissenting*). For the reasons given by Justice SOURIS in *People* v. *Parshay* (1967), 379 Mich 7, I dissent. The protection of fundamental rights is not a mere matter of semantics. As a practical matter, the slight burden imposed by the procedural requirement that the trial court make a *specific inquiry* rather than merely inform the defendant of his right to jury trial and counsel is far outweighed by the danger of being caught up in the swift procedure of pleadings.

In short, advising a defendant of a right, without giving him the opportunity to assert that right, is indeed a hollow gesture which contradicts the clear intendment of the rule. This judicial attitude can only breed contempt for the courts and legally constituted authority.

The only reasonable interpretation of GCR 1963, 785.3(1) militates against such a dichotomy in procedural due process. As stated by Justice SOURIS in *Parshay, supra,* page 16:

"It is clear beyond dispute that the quoted rule [GCR 1963, 785.3(1)] means something more than that certain advice be given regarding some rather fundamental rights of an accused, but that he need not be given an opportunity to invoke those rights."

For the above reasons and the reasons given by Justice SOURIS in *Parshay, supra,* I would reverse and remand for a trial.