**PEOPLE v. CROW.**

1. CRIMINAL LAW—DUE PROCESS—RIGHT TO COUNSEL—WAIVER OF COUNSEL.
   Defendant's waiver of counsel at his arraignment obviates any necessity of advising defendant of the same right at the time of sentencing.

2. SAME—DUE PROCESS—JURY TRIAL—WAIVER—EXPRESS WAIVER.
   Trial by jury need not be expressly waived where defendant has been fully advised of his constitutional rights, after which he makes a voluntary plea of guilty.

3. SAME—DUE PROCESS—INFORMATION.
   Defendant was properly informed of the accusation against him in compliance with court rule where the court read a definitive information, related to the defendant the maximum statutory punishment, and after the plea questioned defendant concerning the circumstances and execution of the crime (GCR 1963, 785.3[2]).

Appeal from Kent, Vander Wal (John H.), J. Submitted Division 3 October 3, 1968, at Marquette. (Docket No. 3,978.) Decided October 21, 1968.

Michael Dean Crow was convicted on plea of guilty of possession of a switchblade knife. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *James K. Miller,*

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law § 316.
[2] 21 Am Jur 2d, Criminal Law § 219.
[3] 21 Am Jur 2d, Criminal Law § 325.

Prosecuting Attorney, and *Wesley J. Nykamp,* Assistant Prosecuting Attorney, for the people.

*Arthur R. Snell,* for defendant on appeal.

PER CURIAM. Defendant pled guilty to possession of a switchblade knife. CLS 1961, § 750.226a (Stat Ann 1962 Rev § 28.423[1]). We summarily resolve the issues raised by the following statements:

(1) A waiver of counsel on arraignment obviates any necessity of advising defendant of the same right at the time of sentencing.

(2) Trial by jury need not be expressly waived where defendant has been fully advised of his constitutional rights, after which he voluntarily pleads guilty. See *People* v. *Hobdy* (1968), 380 Mich 686.

(3) Defendant was properly informed of the accusation against him, in substantial compliance with GCR 1963, 785.3(2), where the court read a definitive information, related to defendant the maximum statutory punishment, and after the plea questioned the defendant concerning the circumstances and execution of the crime. *People* v. *Lang* (1968), 9 Mich App 635.

Affirmed.

T. G. KAVANAGH, P. J., and MCGREGOR and PHILIP C. ELLIOTT, JJ., concurred.