PEOPLE *v.* ST. ARNOLD

CRIMINAL LAW—PLEA OF GUILTY—ASSISTANCE OF COUNSEL—WAIVER.
  Express waiver of the right to assistance of counsel is not
  required before a defendant may plead guilty without counsel,
  and a defendant may not withdraw his plea on the ground
  that he was not specifically asked whether he desired counsel
  where the record shows that he was informed of his right
  and not denied the opportunity to request counsel, but elected
  to proceed with his plea.

Appeal from Kalamazoo, Lucien F. Sweet, J. Submitted Division 3 November 7, 1969, at Grand Rapids. (Docket No. 4,539.) Decided November 26, 1969.

Wesley St. Arnold was convicted, on his plea of guilty, of breaking and entering in the nighttime. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Donald A. Burge,* Prosecuting Attorney, and *John W. Mitzel,* Assistant Prosecuting Attorney, for the people.

*Charles J. Daudert,* for defendant on appeal.

REFERENCES FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law §§ 316, 317.
Accused's right to counsel under the Federal Constitution—Supreme
  Court cases. 18 L Ed 2d 1420.

Before: FITZGERALD, P. J., and R. B. BURNS and BRONSON, JJ.

PER CURIAM. This appeal presents the issue of whether the defendant, charged with breaking and entering in the nighttime, effectively waived his right to counsel prior to pleading, where the record shows he intended to plead guilty, he was advised of his rights, his plea was free and voluntary, but he was not expressly asked whether he desired counsel.

Defendant submits that he was denied this constitutionally guaranteed right to counsel since he was not specifically given an opportunity to request counsel and asks for a new trial. The claimed error allegedly occurred when the trial judge was informing defendant of his rights as follows:

"*Q*. Before you are required to plead to this charge that has just been read to you I want you to understand you are entitled to have a trial by jury to determine whether or not you are guilty. You are also entitled to have a lawyer. If you haven't the money with which to hire a lawyer and you want a lawyer, this court will appoint a lawyer for that purpose, he to be paid by the taxpayers of this county. Do you understand what I mean?

"*A*. You mean a state lawyer?

"*Q*. A state lawyer, so-called. Do you wish to plead at this time?

"*A*. Yes, sir.

"*Q*. You understand you have the right to a trial by jury and have the right to a lawyer?

"*A*. I do.

"*Q*. You are ready to plead?

"*A*. Yes.

"*Q*. How do you plead?

"*A*. Guilty.

"*Q*. Are you pleading guilty because you are guilty or for some other reason?

"*A*. I'm pleading guilty because I'm guilty.

"*Q.* Has anybody promised you anything to get you to plead guilty?

"*A.* No, sir.

"*Q.* Has anybody told you it would go easier on you if you pleaded guilty?

"*A.* No.

"*Q.* Has anybody used any force or persuasion upon you to get you to plead guilty?

"*A.* No, sir.

"*Q.* Threatened you in any way?

"*A.* No way.

"*Q.* Are you pleading guilty because you are afraid of anybody?

"*A.* No.

"*Q.* Or to cover up for anybody else?

"*A.* No.

"*Q.* Do you realize if your plea is accepted you might be sent to prison for a term of years?

"*A.* Yes, sir, I do."

This issue of waiver of counsel is not novel in the Michigan courts. See *People* v. *Hobdy* (1968), 380 Mich 686; *People* v. *Dunn* (1968), 380 Mich 693; *People* v. *Stearns* (1968), 380 Mich 704; *People* v. *Winegar* (1968), 380 Mich 719; *People* v. *Scott* (1968), 381 Mich 143.

We have made a careful review of the transcript and have acknowledged the particular characteristics of the defendant, including the fact that he has previously experienced criminal process. We find that *People* v. *Scott, supra,* and the reasoning therein is controlling. The express waiver of counsel is not required and defendant herein was not denied the opportunity to request the aid of counsel if he so desired. We find no compelling reason to find otherwise.

Affirmed.