Fred **PARSHAY**, Petitioner-Appellant,

v.

Raymond J. **BUCHKOE**, Warden, Respondent-Appellee.

No. 19573.

United States Court of Appeals, Sixth Circuit.

June 26, 1970.

G. Franklin Miller (Court Appointed) Cincinnati, Ohio, for petitioner-appellant.

Stewart H. Freeman, Asst. Atty. Gen., Lansing, Mich., for respondent- appellee; Frank J. Kelley, Atty. Gen., Robert A. Derengoski, Sol. Gen., Lansing, Mich., on brief.

Before EDWARDS and BROOKS, Circuit Judges, and O'SULLIVAN, Senior Circuit Judge.

BROOKS, Circuit Judge.

This is an appeal by petitioner-appellant from the denial of his application for a writ of habeas corpus. In 1963 petitioner pleaded guilty to armed robbery and is presently serving his sentence. In 1965 the Supreme Court of Michigan granted the petitioner leave to appeal and by a divided court affirmed his conviction. People v. Parshay, 379 Mich. 7, 148 N.W.2d 869 (1967). The principal contention made in the state court and rejected was petitioner's alleged failure to make an intelligent waiver of counsel on arraignment. The same contention was advanced in the District Court and was also rejected.

On arraignment the state trial judge advised petitioner of the charges against him and the consequences of a guilty plea. He was told he was entitled to a jury trial and to assistance of counsel and should he be unable to afford counsel, the court would appoint an attorney to represent him. Petitioner acknowledged his understanding of his rights as they were explained to him and entered a guilty plea.[1] His complaint is that after being advised of his rights that he was not specifically asked if he desired counsel. This issue of whether an express waiver of counsel is required is the issue that divided the Michigan Supreme Court.

However, the two opinions relied upon in the Parshay dissent have since been overruled. See People v. Hobdy, 380 Mich. 686, 158 N.W.2d 392 (1968); People v. Dunn, 380 Mich. 693, 158 N.W.2d 404 (1968); People v. Stearns, 380 Mich. 704, 707, 158 N.W.2d 409 (1968); and People v. Winegar, 380 Mich. 719, 158 N.W.2d 395 (1968), cert. denied, 395 U.S. 971, 89 S.Ct. 2107, 23 L.Ed.2d 759. And in rejecting the rationale of the dissenting opinion in Parshay, it is stated in People v. Scott, 381 Mich. 143, 160 N.W.2d 878 (1968) as follows:

"This is Parshay revisited. It affords this writer the opportunity of acknowledging what he now considers to have been his error in joining in the opinion he did in that case. * * "

\* \* \* \* \* \*

"When, as here, a 27-year-old accused, with a criminal record and experience in criminal proceedings and no showing of mental deficiency or illiteracy, is told by the court that he is entitled to a jury trial and to be represented by an attorney and that, if financially unable to employ counsel, at his request the court will appoint an attorney for him, and he then says he understands this, but that, knowing

---

1. The entire record of petitioner's arraignment is set forth in People v. Parshay, supra, at pages 12–14, 148 N.W.2d 860.

what his rights are, he wishes to enter a plea and thereupon does enter a plea of guilty, no exercise in semantics, however exquisite, can lead us to conclude that this was not a knowing and intelligent waiver of counsel. That is all that the cases, Federal or State, now require. Express waiver is not necessary."

■ The Sixth Amendment provides that "In all criminal prosecutions, the accused shall enjoy the right * * to have the Assistance of Counsel for his defence." And while this right may be waived, and the responsibility is upon the trial judge to determine whether there has been an intelligent and competent waiver, the accused still has the burden of showing by a preponderance of the evidence that he did not competently and intelligently waive his constitutional right to counsel. Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938).

■ The same federal burden of proving non-waiver also rests with a defendant in a state case. Moore v. Michigan, 355 U.S. 155, 78 S.Ct. 191, 2 L. Ed.2d 167 (1957). It is also settled that the record must show that there was a waiver or there must be an allegation and evidence which show that an accused was offered counsel but intelligently and understandingly rejected the offer. Carnley v. Cochran, 369 U.S. 506, 82 S. Ct. 884, 8 L.Ed.2d 70 (1962). However, as stated in People v. Scott, *supra*, an express waiver is not essential. The particular facts and circumstances of each case including the background, experience and conduct of the accused determine whether an intelligent waiver has been made. Johnson v. Zerbst, *supra*; Craig v. United States, 217 F.2d 355 (6th Cir. 1954).

■ In this case petitioner had a criminal record and experience in criminal proceedings. He was not illiterate and he did not suffer from any mental or physical disability. He was advised on the record of the charges against him and the consequences of a guilty plea.

He was advised of his right to a jury trial and of his right to the assistance of counsel and told that if financially unable to employ counsel the court would appoint an attorney to represent him. Petitioner then acknowledged his understanding of his rights and entered a guilty plea. Under such circumstances and as implicitly held by both the state trial court and the District Court, petitioner failed to establish by a preponderance of the evidence that he did not intelligently and understandingly waive his constitutional right to counsel at the time he entered his guilty plea.

■ Petitioner's other assertion is that at the time of his arrest in 1963 he made a confession of which he now complains. The District Court properly disposed of this claim on the ground that state remedies had not been exhausted.

Affirmed.