PEOPLE *v.* BOECK

CRIMINAL LAW—PLEA OF GUILTY—VOLUNTARINESS.

> Contention that court's acceptance of a plea of guilty was invalid because none of the defendant's answers to the judge's questions contained the word "guilty" and his "yes" answer to the court's question "Is it your desire to plead guilty?" was not sufficient to establish that he was pleading guilty knowingly and voluntarily, is without merit where defendant does not claim that he is in fact not guilty, a review of the record reveals no error of substance or form, and there was no miscarriage of justice (GCR 1963, 785.3[2]).

Appeal from Macomb, Alton H. Noe, J. Submitted Division 2 September 22, 1970, at Lansing. (Docket No. 8,301.) Decided October 27, 1970.

Stephan Boeck was convicted, on his plea of guilty, of receiving stolen property over the value of $100. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *George N. Parris,* Prosecuting Attorney, *Thaddeus F. Hamera,* Chief Appellate Lawyer, and *Steven F. Osinski,* Assistant Prosecuting Attorney, for the people.

*Richard E. Cyrul,* for defendant on appeal.

---

REFERENCE FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law § 485 *et seq.*

Before: QUINN, P. J., and McGREGOR and BRONSON, JJ.

PER CURIAM. On April 1, 1969, defendant was arraigned on the charge of breaking and entering a building with intent to commit a larceny therein, pursuant to MCLA § 750.110 (Stat Ann 1970 Cum Supp § 28.305). It was alleged that defendant stole a tool box from a former employer. On June 12, 1969, defendant entered a plea of guilty to an added second count of receiving stolen property over the value of $100. MCLA § 750.535 (Stat Ann 1970 Cum Supp § 28.803). The court below accepted the plea after exhaustive questioning of the defendant. Defendant was subsequently sentenced to serve three to five years imprisonment. He now brings this appeal of right.

Defendant argues that his plea was invalid because his answers to the judge's questions in the lower court did not contain the word "guilty" and that his answer "yes" to the question, "Is it your desire to plead guilty?" was not sufficient to establish that he was pleading knowingly and voluntarily. Accordingly, defendant contends that the court below did not comply with GCR 1963, 785.3(2), and that his conviction should be reversed.

In *People* v. *Dunn* (1968), 380 Mich 693, 701, our state's highest Court spoke to the review of guilty pleas:

"In the flood of applications to review proceedings which have attended the acceptance of recent pleas of guilty and those accepted long since, a surprising few, if any, direct themselves to the simple and fundamental proposition that 'I am not in fact guilty'. The thrust recurringly is that there was an error in the *form* of acceptance of the plea. In many instances, even the difference in form is a

matter of semantic nuance. We find no error of substance in the case at bar."

See also *People* v. *Hobdy* (1968), 380 Mich 686; *People* v. *Stearns* (1968), 380 Mich 704; *People* v. *Winegar* (1968), 380 Mich 719.

We find this argument to be without merit. Defendant does not allege that he is in fact not guilty. Furthermore, a review of the record below reveals no error of substance or of form in the proceedings prior to acceptance of the plea, and there was no miscarriage of justice.

Affirmed.