PEOPLE v. DUNN.

OPINION OF THE COURT.

1. CRIMINAL LAW—ASSISTANCE OF COUNSEL—WAIVER.
   Defendant who pled guilty to escaping from prison after trial judge said, "You understand * * * that you are entitled to an attorney of your own choice and if you are unable to furnish one that the State will furnish you one", and after trial judge asked, "What do you want to do?", *held*, to have waived his right to counsel, since there is no requirement that the waiver be in express form (CLS 1961, § 750.197).

2. SAME—CONSEQUENCE OF PLEA—SENTENCING.
   There is no requirement, State or Federal, that an accused be informed of the maximum sentence which could be imposed under statutory requirement that an accused be advised of the consequence of his plea, since the purpose is to discover if the accused is pleading guilty because he is in fact guilty, and if his plea is freely made (CL 1948, § 768.35).

3. SAME—CONSEQUENCE OF PLEA.
   The meaning of the "consequence" of a plea of guilty, within the wording of the court rule, is that an accused, by so plead-

REFERENCES FOR POINTS IN HEADNOTES
[1, 5, 6, 8] 21 Am Jur 2d, Criminal Law § 316 *et seq.*
[2, 3, 7, 9] 21 Am Jur 2d, Criminal Law § 487.
[4] 21 Am Jur 2d, Criminal Law § 492.

ing, waives his right to trial by jury, or trial without a jury by the court, and that the accused subjects himself to whatever penalty is prescribed by law, including possible confinement in a penal institution (Court Rule No 35A [1945]; GCR 1963, § 785.3).

4. SAME—ACCEPTANCE OF PLEA OF GUILTY—RIGHT TO COUNSEL.
Courts should be concerned with the substance, not with form, in determining whether there has been a miscarriage of justice in a prosecution for crime when an accused's plea of guilty is accepted while he is without counsel, after he has been advised of his right to counsel and has waived such right (CL 1948, § 769.26; GCR 1963, 529.1, 785.3).

SEPARATE OPINION.
ADAMS, J.

5. CRIMINAL LAW—ASSISTANCE OF COUNSEL—WAIVER.
*Defendant, who pled guilty to escaping from prison after trial court said, "You understand . . . that you are entitled to an attorney of your own choice and if you are unable to furnish one that the State will furnish you one", and after trial court asked, "What do you want to do?", held, to have waived his right to counsel, since there was nothing to show that he did not comprehend the right to counsel; his failure to request counsel in these circumstances amounts to a waiver of same (CLS 1961, § 750.197).*

6. SAME—ASSISTANCE OF COUNSEL—WAIVER.
*No pat rule or formula can satisfy the constitutional requirement of intelligent and understanding waiver of the right to counsel, but it depends upon the capacities of a defendant in a given case as well as the explanation by the trial judge (US Const, Ams 6, 14).*

7. SAME—CONSEQUENCES OF GUILTY PLEA—PURPOSE.
*Purpose of an examination of a defendant who has pled guilty to a crime is for the trial court to find out if he is pleading guilty because he is in fact guilty (Court Rule No 35A [1945]; GCR 1963, 785.3[2]).*

DISSENTING OPINION.
T. M. KAVANAGH and SOURIS, JJ.

8. CRIMINAL LAW—ASSISTANCE OF COUNSEL—WAIVER.
*Court of Appeals' reversal of trial court's acceptance of defendant's plea of guilty to charge of escaping from prison held,*

*proper, where record shows that although defendant was in-
formed of his rights to a jury trial and to the assistance of
counsel, he was not given an opportunity to assert those rights
(CLS 1961, § 750.197; GCR 1963, 785.3[2]).*

9. SAME—CONSEQUENCES OF GUILTY PLEA—MAXIMUM SENTENCE.

*Court rule requiring that a defendant be advised of the con-
sequences of a guilty plea means, at least, that he be advised
of the maximum sentence to which he exposes himself upon
pleading guilty (Court Rule No 35A [1945]; GCR 1963, 785-.
.3[2]).*

Appeal from Court of Appeals, Division 3; Fitz-
gerald, P. J., Burns and Holbrook, JJ., reversing,
Jackson, Simpson (John), J. Submitted December
7, 1967. (Calendar No. 46, Docket No. 51,666.) De-
cided May 8, 1968.

John Dunn, Jr., was convicted upon a plea of
guilty of escaping from prison. Defendant ap-
pealed. Court of Appeals reversed. The people
appeal. Reversed and conviction affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *Bruce A. Barton,*
Prosecuting Attorney, and *Vincent F. Stapley,* As-
sistant Prosecuting Attorney, for the people.

*Howard W. Patch,* for defendant.

O'HARA, J. This is an appeal, on leave granted,
to the people of the State of Michigan from a denial
of a rehearing by the Court of Appeals. In its order
on which rehearing was sought, the Court of Appeals
on its own motion reversed a judgment of conviction
entered upon the defendant's plea of guilty.

The guilty plea was accepted by the trial court
on July 24, 1962. A motion for a new trial was

denied and delayed appeal therefrom was granted by the Court of Appeals September 30, 1966.

At the time of the acceptance of defendant's guilty plea, Court Rule 35A (1945)[1] was in effect. It is identical with GCR 1963, 785.3 as originally drafted. See 379 Mich pp xxxii, xxxiii.

In 1958 appellee had been sentenced to confinement in the State prison in Jackson. On July 11, 1962, he was arraigned on the charge of escaping from prison.[2] Upon his arraignment on this offense the court rejected his inconclusive plea to the charge and entered a plea of not guilty, and he was confined to await trial. On July 24, 1962, he was again before the circuit judge at his own request, as appears from the following questions and answers contained in the transcript of the second appearance:

"*Mr. Fleming* [*Prosecuting Attorney*]: I understand, Mr. Dunn, that you requested to be brought back into court today for the purpose of changing your plea, is that correct?
"*The Defendant:* Yes, sir.
"*The Court:* Is that right?
"*The Defendant:* Yes, sir."

After this further examination by the court, his guilty plea was accepted. Insofar as it is relevant to the issues raised by this appeal, appellee's questioning by the trial judge on his first appearance is herewith set forth:

"*Mr. Fleming:* Do you have an attorney here this morning, Mr. Dunn?
"*The Defendant:* No.
"*The Court:* You understand, Mr. Dunn, that you are entitled to an attorney of your own choice and if you are unable to furnish one that the State will furnish you one?

---

[1] See 318 Mich xxxix, xl.—REPORTER.
[2] CLS 1961, § 750.197 (Stat Ann 1968 Cum Supp § 28.394).—REPORTER.

"*The Defendant:* Yes, sir.
"*The Court:* You understand that?
"*The Defendant:* Yes, sir.   *   *   *
"*The Court:* You understand that you are charged with escaping prison, charged as a second felony?
"*The Defendant:* Yes, sir.
"*The Court:* You understand that?
"*The Defendant:* Yes, sir."

The first question raised is whether appellee waived his right to counsel. On his first appearance before the court he was clearly advised of this right. He requested that he be brought before the court again. His purpose in so requesting was determined by question and answer. There was no necessity that the court again inform him of his right to appointed counsel. When he stated to the court that he desired to plead guilty, after being informed of his right to appointed counsel, he waived that right intelligently and competently. There is no requirement that this waiver be in express form. See *People* v. *Hobdy* (1968), 380 Mich 686.

The nature of the examination of the accused required by the Court Rule before the acceptance of a plea of guilty need not be in any stereotyped form.

"The form and manner of this examination by the judge has not been prescribed but is left to the discretion of the judge, to be exercised by him in the manner best suited to the parties and the offense." *People* v. *Bumpus* (1959), 355 Mich 374, 380.

It is argued on behalf of appellee that United States Supreme Court case precedent mandates a holding that the right to counsel was not waived in this case. Principal reliance is placed upon *Carnley* v. *Cochran*,[3] *Gideon* v. *Wainwright*[4] and *Johnson*

---

3 (1962), 369 US 506 (82 S Ct 884, 8 L ed 2d 70).
4 (1963), 372 US 335 (83 S Ct 792, 9 L ed 2d 799, 93 ALR2d 733).

v. *Zerbst.*[5] It should be noted that none of these cases involved the acceptance of a plea of guilty. No case is cited to us, nor does our research reveal one in which the United States Supreme Court has passed on the question of what constitutes a waiver of counsel upon a plea of guilty (see *Hobdy, supra*). The foregoing trilogy of United States Supreme Court cases is obviously distinguishable from the case at bar.

In *Gideon* the accused specifically requested appointed counsel with his plea of *not guilty* and his request was refused. His *conviction* was set aside.

*Johnson* was a case in which 2 young marines on leave were tried for a felony and *convicted* without the aid of counsel. They, too, pleaded not guilty.

*Carnley,* too, was a case of trial without assistance of counsel.

But accepting *arguendo* that the precedential language set forth in the brief of appellee is applicable by analogy, we find they hold in principle as follows: Waiver of counsel is impermissible from a silent record. We agree. A right cannot be waived where there is no showing the accused was aware of the right.

The right when explained thereafter must be understandingly, competently, and intelligently waived.

"Presuming waiver from a silent record is impermissible. The record must show, or there must be an allegation and evidence which show, that an accused was offered counsel but intelligently and understandingly rejected the offer. Anything less is not waiver." *Carnley* v. *Cochran, supra,* p 516.

"This protecting duty [referring to the responsibility of a trial judge where a defendant has no coun-

---

[5] (1938), 304 US 458 (58 S Ct 1019, 82 L ed 1461, 146 ALR 357).

sel] imposes the serious and weighty responsibility upon the trial judge of determining whether there is an *intelligent* and *competent* waiver by the accused." (Emphasis supplied.) *Johnson* v. *Zerbst, supra,* p 465.

"The Sixth Amendment provides, 'In all criminal prosecutions, the accused shall enjoy the right * * * to have the assistance of counsel for his defence.' We have construed this to mean that in Federal courts counsel must be provided for defendants unable to employ counsel *unless* the right is *competently* and *intelligently* waived." (Emphasis supplied.) *Gideon* v. *Wainwright, supra,* pp 339, 340.

We here hold that when a trial judge says, as did Judge Simpson here, "You understand * * * that you are entitled to an attorney of your own choice and if you are unable to furnish one that the State will furnish you one," the right to assistance of counsel has been explained, and an offer of counsel made.

We further hold that after such an explanation, or one of like substance, and the court asks, as here, a question that fairly imports "What do you want to do?" and the accused replies, in substance, "I plead guilty", or "I desire to plead guilty", he has within all constitutional rule, statute, and case law requirement, competently, intelligently, and understandingly waived his right to counsel.

The next issue presented is whether by reason of the requirement in the rule that the accused be advised of the "consequence of his plea" the trial court is obliged to inform him of the maximum sentence which could be imposed.

There is no such requirement, any prior holding by the Court of Appeals to the contrary notwith-

standing.[6] Such requirement is not mandated by the Constitution of the United States, the Constitution of this State, statute, rule of court, or binding case precedent, State or Federal. So to require is to misconstrue the purpose of the examination of the accused by the trial court. The effect of so holding is to make the test of valid plea of guilty, not whether it is freely, understandingly, and voluntarily made, but whether the punishment prescribed accords with the accused's notion of what he is willing to subject himself to by his plea of guilty. The purpose of the court's examination as prescribed by rule is not to determine what the accused can expect the judge may do by way of disposition. The purpose is to find out if the accused is pleading guilty because he in fact is guilty, and that his plea of guilty is freely made. In the words of the statute, to determine the "truth of such plea."[7] This State has traditionally separated the question of guilt or innocence from the question of punishment. Even in the *trial* of a criminal case it is improper, unless provoked, to argue to a jury what the accused's sentence could be. See *People* v. *Singer* (1913), 174 Mich 361.

We do not find that "consequence of his plea" has been precisely defined in any prior decision of this Court as that phrase is used in GCR 1963, 785.3. We here hold that the meaning of the "consequence" of a plea of guilty, within the wording of the rule, is that an accused, by so pleading, waives his right to trial by jury, or trial without a jury by the court, and that additionally the accused subjects himself to whatever penalty is prescribed by law, including

---

[6] The Court of Appeals has already addressed itself to this erroneous contention in *People* v. *Charles A. White* (1967), 8 Mich App 220.

[7] CL 1948, § 768.35 (Stat Ann 1954 Rev § 28.1058).

possible confinement in a penal institution. Under the rule, the accused must be advised minimally of the foregoing. Any additional information the trial judge is disposed to give to an accused rests in his discretion to be exercised according to the circumstances.

We have noted the reference by the parties to the "Tentative Draft on Standards Relating to Pleas of Guilty (1967), Prepared by the Advisory Committee on the Criminal Trial of the American Bar Association Project on Minimum Standards for Criminal Justice." When a final draft has been approved it would not be inappropriate to consider it in connection with possible rule amendment. We do not consider it advisable to write the requirement of the tentative draft into the present rule by interpretation.

In conclusion, we cite again the court rule and statute cited in *People* v. *Winegar* (1968), 380 Mich 719: GCR 1963, 529.1 and CL 1948, § 769.26 (Stat Ann 1954 Rev § 28.1096). The import of both the rule and the statute is that on review courts should be concerned with substance, not with form, that the fundamental inquiry is whether there has been a miscarriage of justice. In the flood of applications to review proceedings which have attended the acceptance of recent pleas of guilty and those accepted long since, a surprising few, if any, direct themselves to the simple and fundamental proposition that "I am not in fact guilty". The thrust recurringly is that there was an error in the *form* of the acceptance of the plea. In many instances, even the difference in form is a matter of semantic nuance. We find no error of substance in the case at bar.

The order of the Court of Appeals vacating the judgment of conviction on the plea of guilty is reversed. The conviction is affirmed.

DETHMERS, C. J., and KELLY, BLACK, and BRENNAN, JJ., concurred with O'HARA, J.

ADAMS, J., (*concurring*). I agree, for the reasons stated in my concurring opinion in *People* v. *Hobdy* (1968), 380 Mich 686, 690, that upon the facts in this case the right to counsel was waived.

I do not agree that what Judge Simpson did here will invariably constitute a proper or adequate explanation of the right to counsel and an offer of same. (See my opinions in *People* v. *Stearns* (1968), 380 Mich 704, 706, and *People* v. *Winegar* (1968), 380 Mich 719, 735.) No pat rule or formula can satisfy the constitutional requirement of intelligent and understanding waiver which depends upon the capacities of a defendant in a given case as well as the explanation by the trial judge.

I agree with Justice O'HARA's opinion as to the issue of "consequence of his plea" and that the purpose of the examination "is to find out if the accused is pleading guilty because he *in fact* is guilty." (Emphasis added.)

I vote to reverse the Court of Appeals and affirm the conviction.

SOURIS, J., (*dissenting*). For the reasons discussed in my opinion in *People* v. *Hobdy* (1968), 380 Mich 686, 692, I would affirm the Court of Appeals' vacation of the defendant's conviction on his plea of guilty and its remand of the case to the circuit court for trial. See, also, *People* v. *Parshay* (1967), 379 Mich 7.

Furthermore, the requirement of then applicable Court Rule No 35A (1945) [318 Mich xxxix, xl], currently see GCR 1963, 785.3(2), that defendant be advised of the consequences of a guilty plea means, at the very least, that he be advised of the maximum

sentence to which he exposes himself upon pleading guilty. It seems to me too elementary for dispute that an intelligent plea of guilty cannot be made without knowledge of the possible sentence of imprisonment that thereby can be imposed. I suppose no one would quarrel with the notion that, if we had capital punishment in this State, a defendant seeking to plead guilty should be apprised that he risks a death penalty instead of imprisonment. The reason, of course, is that knowing one of the "consequences" of his guilty plea might be death, a defendant might wish, instead, to demand his constitutional right to trial before judge or jury. I see no difference between a defendant being allowed to plead without knowledge that he risks death rather than imprisonment and a defendant allowed to plead without knowledge that he risks a maximum sentence of imprisonment for life rather than for a term of 10 years or that, as in this case, he risks imprisonment for a maximum of 4-1/2 years instead of 2.

T. M. KAVANAGH, J., concurred with SOURIS, J.