PEOPLE *v.* YATES.

CRIMINAL LAW—PROCEDURE—DUE PROCESS—PLEA OF GUILTY—RIGHT
   OF APPEAL—ADVICE OF RIGHT—COURT RULE.
     Trial court is not required by court rule to advise a criminal
       defendant of his rights of appellate review at the time it
       accepts his plea of guilty (GCR 1963, 785.3[2]).

Appeal from Wayne, Gilmore (Horace W.), J.
Submitted Division 1 October 8, 1968, at Detroit.
(Docket No. 3,980.)   Decided October 22, 1968.

Russell Yates was convicted on plea of guilty of
second-degree murder.   Defendant appeals.   Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Walter Gibbs,* Assistant Prosecuting Attorney, for the people.

*Tom Downs,* for defendant on appeal.

PER CURIAM.   On February 6, 1967, defendant entered a plea of guilty to the charge of second-degree
murder.*

Although defendant concedes that the trial court
fully explained his appellate rights immediately af-

_____

* CL 1948, § 750.317 (Stat Ann 1954 Rev § 28.549).

REFERENCE FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law § 487.

ter the imposition of the sentence, he contends that GCR 1963, 785.3(2) required the court to advise him of his appellate rights at the time of the acceptance of the plea.

GCR 1963, 785.3(2) contains no such authority. See *People* v. *Dunn* (1968), 380 Mich 693, 700.

Affirmed.

J. H. GILLIS, P. J., and R. B. BURNS and KELLEY, JJ., concurred.