PEOPLE *v.* BERRY

Opinion of the Court

1. Criminal Law—Procedure—Plea of Guilty.
   Guilty plea procedure is to be judged by whether essential justice was done and not by a schedule of inflexible requirements.

2. Same—Plea of Guilty—Right to Counsel—Waiver of Counsel —Due Process.
   Conviction on plea of guilty by defendant without counsel, and without an express waiver of right to counsel, after being advised of his right to counsel, being told of his right to trial by judge or jury, and thereupon being asked how he pleads without asking if he wants counsel *held,* not reversible, an express waiver of counsel not being required for due process when defendant is aware of his right to counsel.

Dissenting Opinion

T. G. Kavanagh, P. J.

3. Criminal Law—Right to Counsel—Waiver of Counsel.
   *Mere showing accused knew of his right to counsel is not sufficient to show a waiver of counsel and it is a miscarriage of justice to convict a defendant upon plea of guilty unless defendant has counsel or has intelligently and affirmatively waived counsel.*

Appeal from Ingham, Salmon (Marvin J.), J. Submitted Division 2 December 7, 1966, at Lansing. (Docket No. 783.) Decided March 29, 1968. Application for leave to appeal filed April 17, 1968. Submitted on remand to Court of Appeals July 24, 1968. Decided December 2, 1968.

References for Points in Headnotes
[1] 21 Am Jur 2d, Criminal Law § 484 *et seq.*
[2, 3] 21 Am Jur 2d, Criminal Law §§ 317, 486, 488.

Benjamin F. Berry was convicted on plea of guilty of breaking and entering in the night time. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Donald L. Reisig,* Prosecuting Attorney, and *James R. Ramsey,* Assistant Prosecuting Attorney, for the people.

*Abood, Abood & Abood,* for defendant.

McGREGOR, J. In response to the Supreme Court's remand order dated July 24, 1968, this Court has reconsidered on the merits the lower court's acceptance of defendant's guilty plea and our previous determination setting aside that plea, as reported in 10 Mich App 469. By its recent decisions, the Supreme Court has held that guilty-plea procedure is not to be judged by an inflexible schedule of requirements, but rather by a determination of whether essential justice prevailed. See *People* v. *Hobdy* (1968), 380 Mich 686; *People* v. *Dunn* (1968), 380 Mich 693; *People* v. *Stearns* (1968), 380 Mich 704; and *People* v. *Winegar* (1968), 380 Mich 719. Defendant was aware of his right to counsel, and the absence of an *express waiver* of that right is not reversible error. Accordingly, we set aside our earlier decision reversing the trial court and affirm the conviction.

J. H. GILLIS, J., concurred with McGREGOR, J.

T. G. KAVANAGH, P. J. (*dissenting*). In light of the determination of the United States Supreme Court in *Johnson* v. *Zerbst* (1938), 304 US 458 (58 S Ct 1019, 82 L Ed 1461) as reiterated in *Moore* v. *Michigan* (1957), 355 US 155 (78 S Ct 191, 2

L Ed 2d 167) and *Carnley* v. *Cochran* (1962), 369 US 506 (82 S Ct 884, 8 L Ed 2d 70) a mere showing that the accused knew of his right to counsel is not, in itself, sufficient to show an intelligent and understanding waiver of counsel. In *Carnley, supra,* the court said:

"Presuming waiver from a silent record is impermissible. The record must show, or there must be an allegation and evidence which show, that an accused was *offered* counsel but intelligently and understandingly *rejected* the offer. Anything less is not waiver." (Emphasis added p 516.)

I cannot read *People* v. *Hobdy* (1968), 380 Mich 686; *People* v. *Dunn* (1968), 380 Mich 693; *People* v. *Stearns* (1968), 380 Mich 704; and *People* v. *Winegar* (1968), 380 Mich 719 to permit finding an "affirmative acquiescence", and "affirmative waiver" of counsel as discussed in *Carnley, supra,* through a mere showing that the accused knew his right.

The trial court here interrupted defendant's question, "if I pleaded guilty * * *" by insisting on his plea. I find in this record no intelligent, understanding rejection of an offer of counsel as was required in *Moore, supra* and *Carnley, supra.*

Justice would be better served to let Benjamin F. Berry stand trial than read into this record a waiver of his constitutional right to counsel.