### PEOPLE v. MAYFIELD

CRIMINAL LAW—PLEA OF GUILTY—APPEAL AND ERROR.

Defendant's unsupported allegation that the prosecutor promised him probation if he would plead guilty *held*, not sufficient to invalidate his guilty plea, where the record shows that the trial court complied with current requirements in accepting the plea.

Appeal from Van Buren, David Anderson, Jr., J. Submitted Division 3 March 10, 1969, at Grand Rapids. (Docket No. 4,766.) Decided March 28, 1969.

Bennie Mayfield, Jr., was convicted of larceny in a building. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Donald M. Goodwillie, Jr.,* Prosecuting Attorney, for the people.

*Donald J. McKay,* for defendant on appeal.

BEFORE: McGREGOR, P. J., and R. B. BURNS and DANHOF, JJ.

REFERENCES FOR POINTS IN HEADNOTE

21 Am Jur 2d, Criminal Law §§ 484–496.
Court's duty to advise or admonish accused as to consequences of plea of guilty, or to determine that he is advised thereof, 97 ALR2d 549,

PER CURIAM. Defendant pled guilty to larceny in a building, CLS 1961, § 750.356 (Stat Ann 1969 Cum Supp § 28.588), and contends he acted in reliance on the prosecutor's promise of probation. The record does not support, corroborate or substantiate defendant's contention, but rather overtly contradicts his allegation, as evidenced by the following exchange during the acceptance of defendant's plea on arraignment:

"*The Court*: Has anyone promised you a light sentence if you plead guilty?
"*Respondent**: No, sir."

Furthermore, the prosecutor explicitly denies promising probation for a guilty plea.

Recent Supreme Court decisions have crystallized the guidelines of proper plea procedure. See *People* v. *Dunn* (1968), 380 Mich 693, and *People* v. *Winegar* (1968), 380 Mich 719. The lower court complied with those guidelines. Defendant stands convicted, and his unsupported allegation of prosecutorial bartering, prompting the guilty plea, is not sufficient to invalidate otherwise exemplary criminal procedure.

Conviction affirmed.

---

* Defendant is called respondent in the transcript. GCR 1963, 201.1 and 785.1 require that parties to an action be designated as plaintiff or defendant.—REPORTER.