PEOPLE *v.* GIRARD

1. CRIMINAL LAW—PLEA OF GUILTY—WITHDRAWAL OF PLEA.

   Denial of defendant's motion to withdraw plea of guilty to
   second-degree murder and set aside conviction *held,* proper
   and not a miscarriage of justice where the plea was freely
   and voluntarily made and was accepted after the defendant
   had been determined legally sane and after the court had
   personally examined the defendant on the record and was
   satisfied that the crime had been established and defendant
   had participated in it (MCLA § 750.317; GCR 1963, 785.3[2]).

2. CRIMINAL LAW — SENTENCE — REVIEW — STATUTE — SECOND-DE-
   GREE MURDER.

   Appellate courts do not ordinarily review the sentence of a
   trial court when the sentence imposed falls within the statu-
   tory limits set by the legislature, and a sentence of 50 to 60
   years' imprisonment for defendant convicted on his plea of
   guilty to second-degree murder is neither cruel nor unusual
   punishment (MCLA § 750.317).

Appeal from Wayne, Joseph G. Rashid, J.  Sub-
mitted Division 1 July 22, 1969, at Detroit.  (Docket
No. 6,118.)  Decided August 25, 1969.  Application
for leave to appeal filed September 17, 1969.

Donald P. Girard was convicted, on his plea of
guilty, of second-degree murder.  Defendant ap-
peals.  Affirmed.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law §§ 504, 505.
[2] 21 Am Jur 2d, Criminal Law § 533.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Arthur N. Bishop,* Assistant Prosecuting Attorney, for the people.

*John F. Foley* (Defender's Office, Legal Aid and Defender Association of Detroit), for defendant.

Before: J. H. GILLIS, P. J., and V. J. BRENNAN and BRONSON, JJ.

PER CURIAM. This case is submitted on the People's motion to dismiss or affirm. Defendant was convicted, on a plea of guilty, of the crime of second degree murder (MCLA § 750.317 [Stat Ann 1954 Rev § 28.549]), and on July 1, 1968, he was sentenced to serve 50 to 60 years in prison. On February 11, 1969, defendant's motion to withdraw the plea of guilty and set aside the conviction was denied. Appellate counsel was requested and a timely appeal was filed alleging that the court failed to comply with GCR 1963, 785.3(2), and that the sentence was excessive, constituting cruel and unjust punishment.

A complete review of the transcript of the plea examination discloses that the court committed no error in accepting the guilty plea, which was freely, understandingly and voluntarily made by the defendant after he had been examined by three psychiatrists and found to be legally sane. The court personally examined defendant on the record and was satisfied that a crime of second degree murder had been established and defendant had participated therein. This examination was consistent with MCLA § 768.35 (Stat Ann 1954 Rev § 28.1058), GCR 1963, 785.3(2), and *People* v. *Barrows* (1959), 358

Mich 267. Since defendant was represented by counsel, GCR 1963, 785.3(1) has no application. *People* v. *La Roe* (1969), 18 Mich App 262. There has been no miscarriage of justice. *People* v. *Dunn* (1968), 380 Mich 693, and *People* v. *Winegar* (1968), 380 Mich 719.

In addition, the transcript discloses the court fully complied with the guilty plea requirements set forth by the United States Supreme Court in *Boykin* v. *Alabama* (1969), 395 US 238 (89 S Ct 1709, 23 L Ed 2d 274); see also *McCarthy* v. *United States* (1969), 394 US 459 (89 S Ct 1166, 22 L Ed 2d 418).

Defendant's assertion that the sentence of 50 to 60 years constitutes an abuse of discretion and cruel and unusual punishment will not ordinarily be reviewed by an appellate court when the sentence imposed falls within the statutory limits set by the legislature, as in this case which involves a maximum of life imprisonment. MCLA § 750.317 (Stat Ann 1954 Rev § 28.549). See *People* v. *O'Den* (1968), 15 Mich App 10, 11; *People* v. *Tetts* (1967), 6 Mich App 254, 259; *People* v. *Pate* (1965), 2 Mich App 66, 68; and see also *People* v. *Krum* (1965), 374 Mich 356, 362; and *People* v. *Connor* (1957), 348 Mich 456, 463. The case of *People* v. *Murray* (1888), 72 Mich 10, upon which defendant relies, is no longer applicable as it was decided when Michigan did not have an indeterminate sentence law and the defendant was required to serve whatever sentence was imposed unless pardoned. See *People* v. *Earegood* (1968), 12 Mich App 256, 274.

Motion to affirm is granted.