PEOPLE *v.* JOHNSON

CRIMINAL LAW—NARCOTIC DRUGS—UNLAWFUL POSSESSION—GUILTY
PLEA—COURT RULES.

    Trial court properly accepted defendant's plea of guilty of
    unlawful possession of narcotic drugs where the court not
    only fully examined the defendant regarding the crime but
    also was satisfied that the defendant had participated in the
    crime, and where the defendant, who was represented by an
    attorney, was fully aware of the nature of the crime charged
    and had admitted to possession of marihuana without legal
    or medical authorization (MCLA § 335.153, GCR 1963, 785-
    .3[2]).

Appeal from Jackson, Charles J. Falahee, J. Submitted Division 2 October 7, 1969, at Grand Rapids. (Docket No. 7,745.) Decided October 28, 1969.

Johnnie E. Johnson was convicted, on his plea of guilty, of unlawful possession of narcotic drugs. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Bruce A. Barton,* Prosecuting Attorney, and *Paul R. Adams,* Chief Appellate Lawyer, for the people.

*Thomas G. Fleming,* for defendant.

---

REFERENCE FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law § 492.

Before: R. B. Burns, P. J., and Holbrook and T. M. Burns, JJ.

Per Curiam. This case is submitted on the people's motion to affirm. On April 15, 1969, defendant was convicted, on a plea of guilty, of the crime of unlawful possession of narcotic drugs (MCLA § 335.153 [Stat Ann 1957 Rev § 18.1123]) and, on May 8, 1969, he was sentenced to serve 2-1/2 to 10 years in prison. Appellate counsel was obtained and a timely objection was filed alleging that the court failed to comply with GCR 1963, 785.3(2).

Contrary to defendant's allegation, a complete review of the transcript of the plea examination discloses that the court committed no error in accepting the guilty plea. Defendant, who was represented by counsel, was fully aware of the nature of the crime, and admitted he had possession of marihuana without legal or medical authorization. After the information was read charging defendant with *unlawful* possession of narcotic drugs, the court fully examined defendant on the record regarding the alleged crime, and the court was satisfied that a crime of unlawful possession of narcotic drugs had been established and that defendant had participated therein.

There being no miscarriage of justice (*People v. Dunn* [1968], 380 Mich 693), the motion to affirm is granted.