PEOPLE *v.* HEARD

CRIMINAL LAW—ASSISTANCE OF COUNSEL—COUNSEL—RELATION-
SHIPS—MISCARRIAGE OF JUSTICE.

Failure to state on the record at the entry of a plea of guilty
and sentencing that defendant's appointed co-counsel was
a brother of an assistant prosecutor who, together with the
prosecutor represented the people when the plea was en-
tered was not reversible error where no improprieties appear
on the record, none are alleged by the defendant, and
where no miscarriage of justice occurred.

Appeal from Monroe, James J. Kelley, Jr., J.
Submitted Division 2 June 10, 1970, at Lansing.
(Docket Nos. 9,000, 9,001.)   Decided August 4, 1970.

Carl Heard was convicted of robbery armed and
kidnapping.   Defendant appeals.   Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Der-
engoski,* Solicitor General, and *James J. Rostash,*
Prosecuting Attorney, for the people.

*Weipert, Costello & Lavoy,* for defendant on ap-
peal.

Before: McGREGOR, P. J., and BRONSON and MA-
HINSKE,* JJ.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

REFERENCE FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law §§ 491, 503–506.

Per Curiam. Defendant and a companion were arrested on January 13, 1967, and thereafter charged with three crimes: armed robbery of a party store (MCLA § 750.529 [Stat Ann 1970 Cum Supp § 28-.797]), kidnapping (MCLA § 750.349 [Stat Ann 1954 Rev § 28.581]), and another charge of armed robbery, in which a *nolle prosequi* was eventually entered. Oliver J. Golden was appointed defense counsel and acted as such for the defendant and his companion.

Defendant was represented by Golden at the preliminary examination, the arraignment, and pretrial hearings. The prosecutor at these times was Paul Braunlich; Golden then became ill and, some time subsequent to the pretrial and prior to the entrance of the plea of guilty, Daniel Sullivan was appointed as co-counsel for defendant. At the time defendant entered his plea of guilty he was represented by both Golden and Sullivan; the people were represented by Braunlich and John J. Sullivan, brother of defendant's counsel.

At sentencing, defendant was represented by Golden only, and no one appeared on behalf of the people. Defendant was sentenced to 25 to 50 years on each count, to run concurrently. Defendant's motions to set aside the plea of guilty and sentence were denied; he appeals as of right.

On appeal, defendant alleges that the relationship between the assistant prosecutor and that of defendant's co-defense counsel (namely, Daniel Sullivan, brother of John J. Sullivan, assistant prosecuting attorney) should have been stated on the record so that defendant might have objected if he so chose. Plaintiff alleges that the question of the relationship is without merit, inasmuch as no prejudice has been shown by the defendant.

We find that the involvement of the brothers herein was minimal, and furthermore, that no improprieties appear from the record and none are alleged by the defendant. Although the defendant's suggestion is commendable, the failure to have stated this relationship in court was not reversible error. No miscarriage of justice has occurred. *People* v. *Winegar* (1968), 380 Mich 719; *People* v. *Dunn* (1968), 380 Mich 693. Defendant's other alleged errors are without merit and we decline to review them herein.

Affirmed.