PEOPLE *v.* RODGERS

1. CRIMINAL LAW—PLEA OF GUILTY—CONSEQUENCES OF PLEA—COURT
RULE.

    The word "consequences" as used in the court rule imposing on
    a court the duty to inform a guilty-pleading defendant of
    the consequences of his plea means that the defendant should
    be informed that he waives his right to trial by jury or by
    the court without a jury and that he subjects himself to what-
    ever penalty is prescribed by law (GCR 1963, 785.3[2]).

2. CRIMINAL LAW — PLEA OF GUILTY — CONSEQUENCES OF PLEA —
LENGTH OF SENTENCE.

    Failure to inform a guilty-pleading defendant that he could
    be sentenced to 99 to 100 years in prison was not in itself
    violative of court rule requiring the court to inform a defend-
    ant of the consequences of his plea (GCR 1963, 785.3[2]).

3. HOMICIDE — SECOND-DEGREE MURDER — SENTENCES — "TERM OF
YEARS".

    Statute providing a punishment of "life or any term of years"
    upon a conviction of second-degree murder does not imply that
    the maximum sentence which may be imposed is limited to
    the defendant's natural life; "any term of years" means that
    a conviction may result in a sentence which, in terms of parole,
    is greater than life (MCLA § 750.317).

4. CRIMINAL LAW—SENTENCES—CRUEL AND UNUSUAL PUNISHMENT—
STATUTORY MAXIMUM.

    A sentence extending beyond the defendant's life expectancy is
    not improper nor cruel and unusual punishment where the sen-
    tence is within the statutory requirements.

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law §§ 486–491.
 Court's duty to advise or admonish accused as to consequences
   of plea of guilty, or to determine that he is advised thereof. 97
   ALR2d 549.
[2] 21 Am Jur 2d, Criminal Law § 489.
[3] 21 Am Jur 2d, Criminal Law § 614.
[4] 21 Am Jur 2d, Criminal Law § 611.
 40 Am Jur 2d, Homicide § 556.

Appeal from Berrien, Karl F. Zick, J. Submitted Division 3 January 5, 1971, at Grand Rapids. (Docket No. 8065.) Decided February 17, 1971.

Vaughn Ray Rodgers was convicted, on his plea of guilty, of second-degree murder. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Ronald J. Taylor,* Prosecuting Attorney, and *John A. Smietanka,* Assistant Prosecuting Attorney, for the people.

*Harry J. Creager,* for defendant on appeal.

Before: Holbrook, P. J., and McGregor and T. M. Burns, JJ.

T. M. Burns, J. The defendant pled guilty to a charge of second-degree murder. He was sentenced to serve a term of 99 to 100 years in the state prison. On appeal, defendant contends: (1) that he was not properly informed of the consequences of his guilty plea as required by GCR 1963, 785.3(2); (2) that a statute which allows a sentence of "life or any term of years" does not authorize a sentence which is, in effect, greater than life; and (3) that his sentence of 99 to 100 years constitutes a cruel and unusual punishment.

(1) *Was Defendant Properly Informed of the Consequences of his Guilty Plea as Required by GCR 1963, 785.3(2)?*

Specifically, defendant contends that because he was not informed that his plea of guilty could lead to a sentence of 99 to 100 years, he was not properly informed of the consequences of his plea.

In *People* v. *Dunn* (1968), 380 Mich 693, the Michigan Supreme Court ruled that the word "con-

sequences" as used in GCR 1963, 785.3(2) means
that the defendant should be informed that he
waives his right to trial by jury or trial without a
jury by the court and that the defendant subjects
himself to whatever penalty is prescribed by law.
A review of the guilty plea transcript indicates that
the defendant was represented by counsel at that
proceeding and that the trial judge fully informed
him of his rights in compliance with the *Dunn* de-
cision. The record discloses that the trial judge did
a very careful job of taking the defendant's guilty
plea and no reversible error was committed in that
proceeding.

(2) *Does a Statute Which Allows a Sentence of
"Life or Any Term of Years" Authorize a 99- to
100-Year Sentence?*

The defendant contends that the legislative pro-
visions which provide for a sentence of "life or any
term of years" by implication indicates that the
maximum sentence to be imposed is one of life and,
therefore, any sentence greater than life is an im-
proper sentence. The defendant cites no cases to
support this contention, although he attempts to
distinguish the case of *People* v. *Charles Williams*
(1969), 19 Mich App 544, where this court stated at
p. 546:

"Defendant also contends that the sentence im-
posed was illegal. The claim is made that the
sentence is, in effect harsher than a life sentence,
since a life sentence might result in earlier parole.
We find the defendant's sentence was within the
limits prescribed by CL 1948, § 750.89 (Stat Ann
1962 Rev § 28.284). We find no reversible error in
the punishment imposed."

The implication of the holding in *Williams* is that
"any term of years" means exactly that. The trial
judge may sentence a defendant to any term of

years and the fact that the term of years may result in a sentence which, in terms of parole, is greater than life is irrelevant. We find that the sentence pronounced by the trial court is within the limits prescribed by MCLA § 750.317 (Stat Ann 1954 Rev § 28.549).

(3) *Is a Sentence of 99 to 100 Years a Cruel and Unusual Punishment?*

The defendant contends that the 99- to 100-year sentence pronounced by the trial judge constitutes a cruel and unusual punishment in that the defendant is sentenced to a term which in reality is greater than his life expectancy. In making this argument the defendant relies on the case of *People* v. *Murray* (1888), 72 Mich 10, which holds that sentences which extend beyond an individual's natural life are improper. This Court has ruled, however, that since *Murray* was decided before the indeterminate sentence law was passed, that it is no longer of any authority in Michigan. *People* v. *Girard* (1969), 18 Mich App 593. This Court has also ruled that as long as a sentence is within the statutory maximum, this Court will not interfere with the trial court's sentence. *People* v. *Earegood* (1968), 12 Mich App 256; *People* v. *O'Den* (1968), 15 Mich App 10. We find, therefore, no merit in defendant's last contention.

Affirmed.

All concurred.