PEOPLE *v.* SARTIN

1. Criminal Law — Judgment — Clerical Error — Sentences — Prejudice.

> A clerical error, the use of the wrong docket number in the sentencing proceedings, indicating that the defendant was sentenced for possession of narcotics was not prejudicial to the defendant even though the defendant pled guilty of bringing narcotics into a state prison where the sentence imposed was within the statutory maximum for bringing narcotics into a state prison; the appellate court, pursuant to court rule, ordered the error corrected (MCLA § 800.281; GCR 1963, 820).

2. Criminal Law—Narcotics—Marijuana—Bringing Marijuana Into Prison—Statutes.

> Bringing marijuana into a state prison is a felony under the statute forbidding the bringing of opium, morphine, "or any other kind or character of narcotics" into a state prison (MCLA § 800.281).

Appeal from Jackson, Gordon W. Britten, J. Submitted Division 2 April 8, 1971, at Lansing. (Docket No. 7819.) Decided April 27, 1971. Leave to appeal denied August 5, 1971. 385 Mich 777.

Charles Lee Sartin was convicted, on his plea of guilty, of bringing narcotics into a state prison. Defendant appeals. Affirmed.

---

References for Points in Headnotes

[1] 21 Am Jur 2d, Criminal Law § 574.
[2] 25 Am Jur 2d, Drugs, Narcotics and Poisons § 16 *et seq.*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Bruce A. Barton,* Prosecuting Attorney, and *Paula Hosick,* Chief Appellate Attorney, for the people.

Charles Lee Sartin, *in propria persona.*

Before: Quinn, P. J., and R. B. Burns and Mc-Gregor, JJ.

Per Curiam. The defendant pled guilty to bringing narcotics into a state prison, a violation of MCLA § 800.281 (Stat Ann 1954 Rev § 28.1621). He was sentenced to serve three to five years in prison.

On appeal, defendant alleges three errors: (1) that the guilty plea was improperly taken; (2) that he was sentenced for a crime which he did not commit; and (3) that the carrying of marijuana into a prison is not a crime within the meaning of the aforementioned statute.

A review of the transcript of the guilty plea proceedings in this cause indicates that the trial judge complied with GCR 1963, 785.3(2) and with the standards established by the Supreme Court in *People* v. *Dunn* (1968), 380 Mich 693; *People* v. *Stearns* (1968), 380 Mich 704; and *People* v. *Winegar* (1968), 380 Mich 719. We find no reversible error in the guilty plea proceedings.

Defendant claims that he was sentenced under the wrong statute, alleging that he was initially charged, under a separate information, with the possession of narcotics, MCLA § 335.151 (Stat Ann 1957 Rev § 18.1121), as well as bringing narcotics into a state prison. Each charge was assigned a different docket number in the lower court.

It appears that the charge of possession of narcotics was to be dropped in exchange for the plea

to the present crime, although the transcript of the sentencing proceedings included the docket number for the case concerning the possession of narcotics. This was a clerical error and the defendant suffered no prejudice from it. The sentence he received was within the statutory maximum provided for the violation of MCLA § 800.281. Under the authority granted by GCR 1963, 820, it is hereby ordered that the clerical error be corrected in the manner provided by GCR 1963, 528.1.

Defendant's final contention is that the wording of MCLA § 800.281, which makes it a felony to bring "opium, morphine, or any other kind or character of narcotics" into a prison, does not contemplate the bringing of marijuana into a prison. Given the character and intent of MCLA § 800.281 and the fact that marijuana is defined as a narcotic under MCLA § 335.151 (Stat Ann 1957 Rev § 18.1121), the illegal drug control act, the above-quoted phrase does include marijuana within the phrase "any other kind or character of narcotics." We find that the action of the defendant in bringing marijuana into a state prison is a felony under MCLA § 800.281 and that he was properly convicted for that crime.

Conviction affirmed.