PEOPLE v STEVENS

Docket No. 60452. Submitted August 4, 1982, at Grand Rapids.—
    Decided July 22, 1983.

Defendant, Bernard Stevens, was charged in the Berrien Circuit
    Court with armed robbery and two counts of first-degree crimi-
    nal sexual conduct. He pled guilty to one count of first-degree
    criminal sexual conduct with the agreement that the other two
    charges would be dismissed. The trial court, Julian E. Hughes,
    J., thereafter sentenced defendant to life imprisonment. Defen-
    dant appeals raising several issues. *Held:*

    1. The application of Proposal B here to bar parole does not
    render defendant's life sentence cruel and unusual punishment
    under US Const, Am VIII. The sentence fits the proportionality
    test, the decency test, and the policy factors test appropriate for
    cruel and unusual punishment challenges. The harshness of the
    sentence does not "shock the conscience" of the Court of
    Appeals to the extent that it should be disturbed.

    2. The sentence falls within the statutory limits prescribed by
    the Legislature and lies within the discretion of the trial judge;
    therefore, the Court of Appeals is without power to review the
    exercise of the trial judge's sentencing discretion.

    3. The trial judge's allegedly mistaken beliefs that defendant
    would be eligible for parole in ten years and that the minimum
    sentence for first-degree criminal sexual conduct is two years
    had no bearing on defendant's sentence.

    4. The trial court did not consider items contained in the

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law § 630.
    Validity of statutes prohibiting or restricting parole, probation, or
        suspension of sentence in cases of violent crimes. 100 ALR3d 431.
    Comment Note.—Length of sentence as violation of constitutional
        provisions prohibiting cruel and unusual punishment. 33 ALR3d
        335.
[2] 5 Am Jur 2d, Appeal and Error § 938.
[3-5] 21 Am Jur 2d, Criminal Law § 629.
[6] 21 Am Jur 2d, Criminal Law § 527.
[7] 21 Am Jur 2d, Criminal Law § 533.
[8] 21 Am Jur 2d, Criminal Law §§ 535, 602.

presentence report which the defendant denied and did not err in considering an admission by defendant contained in the presentence report, the accuracy of which the defendant did not contest.

5. Defendant's contention that the sentence was imposed without considering his individual history, personality, and other basic factors applicable to him is without merit.

Affirmed.

1. PAROLE — MANDATORY MINIMUM SENTENCES — LIFE SENTENCES — CONSTITUTIONAL LAW — CRUEL AND UNUSUAL PUNISHMENT.

The people of the State of Michigan, in enacting, by their powers of initiative, the sections of the Michigan Penal Code which provide that a person convicted of certain enumerated criminal offenses and sentenced to a minimum term of years exceeding ten years must serve the entire minimum sentence, undiminished by allowances for good time, special good time, or special parole, intended the law to apply to situations in which a person is sentenced to life in prison, and, because the Penal Code provides that no minimum term of years may be set where the maximum sentence is life, the minimum sentence in such a situation, for the purpose of applying the provision of the code allowing the diminishing of a sentence by parole, is life, precluding parole consideration for a person so sentenced; the application of such sections to bar parole for a defendant sentenced to life imprisonment does not constitute cruel and unusual punishment (US Const, Am VIII; MCL 769.9[2], 791.233b[w], 791.234[4]; MSA 28.1081[2], 28.2303[3][w], 28.2304[4]).

2. APPEAL — CRIMINAL LAW — SENTENCING.

The Court of Appeals is without power to review the exercise of a trial judge's sentencing discretion where the sentence imposed falls within the statutory limits prescribed by the Legislature and lies within the discretion of the trial judge.

3. CONSTITUTIONAL LAW — CRIMINAL LAW — CRUEL AND UNUSUAL PUNISHMENT — PROPORTIONALITY TEST.

The proportionality test applicable to a cruel and unusual punishment challenge to a sentence is whether the punishment is in excess of any that would be suitable to fit the crime.

4. CONSTITUTIONAL LAW — CRIMINAL LAW — CRUEL AND UNUSUAL PUNISHMENT — DECENCY TEST.

The decency test applicable to a cruel and unusual punishment challenge to a sentence looks to comparative law for guidelines

in determining what penalties are widely regarded as proper for the offense in question.

5. CONSTITUTIONAL LAW — CRIMINAL LAW — CRUEL AND UNUSUAL PUNISHMENT — POLICY FACTORS TEST.

The policy factors test applicable to a cruel and unusual punishment challenge to a sentence looks to a consideration of the modern policy factors underlying criminal penalties—rehabilitation of the individual offender, society's need to deter similar proscribed behavior in others, and the need to prevent the individual offender from causing further injury to society.

6. CRIMINAL LAW — TRIAL — SENTENCING — PRESENTENCE REPORTS — ADMISSIONS BY DEFENDANT.

A trial court does not err in a trial for first-degree criminal sexual conduct in considering the defendant's admission contained in the presentence report that he committed the armed robbery which he had also been charged with where the defendant failed to contest the accuracy of such information contained in the report.

7. CRIMINAL LAW — SENTENCING — REASONS FOR SENTENCE.

A trial court is not required to address itself to the specific reasons for a particular sentence it imposes before pronouncing the sentence where the factual basis for such sentence is clear from the whole record.

8. CRIMINAL LAW — SENTENCING — SIMILARITY OF SENTENCES — INDIVIDUAL SENTENCES.

The similarity of sentences alone among the diverse participants in a common criminal enterprise is insufficient to raise an inference of a failure to individuate a participant's sentence.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Paul L. Maloney,* Prosecuting Attorney, and *Angela Baryames,* Assistant Prosecuting Attorney, for the people.

*Jesse & Jesse* (by *James K. Jesse),* for defendant on appeal.

Before: V. J. BRENNAN, P.J., and D. E. HOLBROOK, JR., and J. R. ERNST,* JJ.

* Circuit judge, sitting on the Court of Appeals by assignment.

PER CURIAM. Defendant, who had originally been charged with armed robbery, MCL 750.529; MSA 28.797, and two counts of first-degree criminal sexual conduct, MCL 750.520b(1)(e); MSA 28.788(2)(1)(e), pled guilty to one count of first-degree criminal sexual conduct with the agreement that the other two charges would be dismissed. Defendant was sentenced to life imprisonment and appeals as of right.

Defendant contends that the application of Proposal B, MCL 791.233b; MSA 28.2303(3), in this case to bar parole renders his life sentence cruel and unusual punishment under the Eighth Amendment to the Constitution of the United States. Proposal B provides that persons convicted of the crimes enumerated in the proposal, one of which is first-degree criminal sexual conduct, shall not be eligible for parole until the expiration of the minimum term imposed by the court. MCL 791.233b(w); MSA 28.2303(3)(w). Because no minimum term may be set when life is the maximum, MCL 769.9(2); MSA 28.1081(2), the minimum term of a life sentence for the purposes of Proposal B is, in effect, life imprisonment. *People v Cohens,* 111 Mich App 788, 795-796; 314 NW2d 756 (1981). As thus construed, Proposal B mandates that defendant serve the full life sentence without eligibility for parole in ten years as provided for by MCL 791.234(4); MSA 28.2304(4). *Cohens, supra.*

The sentence in the instant case falls within the statutory limits prescribed by the Legislature and lies within the discretion of the trial judge. Where this is the case, this Court is without power to review the exercise of the trial judge's sentencing

discretion.[1] *People v Burton,* 396 Mich 238, 242-243; 240 NW2d 239 (1976); *Cummins v People,* 42 Mich 142, 144; 3 NW 305 (1879); *People v Brandon,* 46 Mich App 484, 489; 208 NW2d 214 (1973); *People v Girard,* 18 Mich App 593, 595; 171 NW2d 567 (1969).

Moreover, we find that the sentence fits the proportionality test, the decency test and the policy factors test set forth in *People v Lorentzen,* 387 Mich 167; 194 NW2d 827 (1972). Here the crime for which defendant was sentenced was one of violence, extremely harmful to another person, and committed during a midnight invasion of a home. Under the circumstances, we cannot say the harshness of the sentence "shocks the conscience" of the Court to the extent that it should be disturbed, despite the fact that defendant is not eligible for parole.

Defendant argues next that the trial judge sentenced him to life based on the erroneous belief that defendant would be eligible for parole in ten years under MCL 791.234(4); MSA 28.2304(4). Although the trial judge did express his belief that defendant would be eligible for parole in ten years, he specifically stated that he would sentence defendant to life even if Proposal B mandated that defendant serve the full sentence, due to the aggravated nature of the crime involved. The trial judge's mistaken belief therefore had no bearing on defendant's sentence. The trial judge's erroneous belief that the minimum sentence for first-degree criminal sexual conduct is two years also

---

[1] The Supreme Court has recently granted leave in three cases on the issue of whether that Court should adopt and implement a procedure for appellate review of criminal sentences and, if necessary, overrule *People v Cummins,* 42 Mich 142; 3 NW 305 (1879). *People v Waits,* 412 Mich 914 (1982); *People v Coles,* 412 Mich 917; 317 NW2d 189 (1982); *People v Gonzales,* 412 Mich 917 (1982).

had no bearing on the sentence that defendant ultimately received. See *People v Thompson,* 120 Mich App 361; 327 NW2d 479 (1982); *People v West,* 113 Mich App 1; 317 NW2d 261 (1982).

Defendant's next contention is that the trial judge considered items contained in the presentence report that the defendant denied. Review of the record indicates that the trial judge did not consider either the officer's account of the incident or the possibility that defendant was guilty of the first-degree criminal sexual conduct charge that was dropped when defendant pled guilty. We find that the trial judge complied with the mandates of *People v McIntosh,* 62 Mich App 422; 234 NW2d 157 (1975), *rev'd in part on other grounds* 400 Mich 1; 252 NW2d 779 (1977), and consequently decline to vacate the sentence on this issue. In addition, the trial judge did not err in considering defendant's admission contained in the presentence report that he committed the armed robbery for which he was charged, as defendant failed to contest the accuracy of this information. *McIntosh, supra,* pp 445-446.

Finally, defendant claims that the sentence imposed did not consider defendant's individual history, personality and other basic factors applicable to the defendant. Defendant's contention is without merit.

The trial judge commenced the sentencing proceeding by stating that he had carefully reviewed the presentence investigation report, which contained information favorable to defendant. The trial court is not required before pronouncing sentence to address itself to the specific reasons for the particular sentence imposed where from the whole record the factual basis for such sentence is clear. *People v Green,* 113 Mich App 699, 707; 318

NW2d 547 (1982). Similarity of sentences alone among diverse participants in a common criminal enterprise is insufficient to raise an inference of failure to individuate a sentence.

Affirmed.