PEOPLE v MARTIN

Docket No. 73652. Submitted September 6, 1984, at Detroit.—Decided
November 14, 1984. Leave to appeal applied for.

Jonathan Martin, Jr., pled guilty to a charge of second-degree
murder in Saginaw Circuit Court and was sentenced to life
imprisonment, Gary R. McDonald, J. Defendant appealed, con-
tending that he is entitled to resentencing because the trial
court led him to believe that the parole board would obtain
jurisdiction to parole him in ten years even though he was
sentenced to life in prison. *Held:*

1. The minimum term on all life sentences other than for
first-degree murder and major controlled substance offenses is
ten calendar years. Defendant will be eligible for parole after
ten calendar years. Resentencing is not mandated.

2. Defendant's other claim of error is without merit.

Affirmed.

J. H. GILLIS, J., concurred. He wrote separately to state that,
contrary to his opinion expressed in an earlier case, he now
agrees that Proposal B does not preclude parole consideration
for a defendant sentenced to life imprisonment for a crime
other than first-degree murder or a major controlled substance
offense.

OPINION OF THE COURT

CRIMINAL LAW — SENTENCING — LIFE SENTENCES — PAROLE —
PROPOSAL B.

A defendant receiving a nonmandatory life sentence is eligible for
parole consideration after serving ten calendar years of his
sentence; Proposal B, which eliminated the allowances for good
time, special good time, and special parole to reduce the ten-
year minimum on nonmandatory life sentences, did not repeal
the "lifer law", the statute which, in effect, sets the minimum
term on all life sentences other than those for first-degree

REFERENCES FOR POINTS IN HEADNOTE

59 Am Jur 2d, Pardon and Parol § 81 *et seq.*
60 Am Jur 2d, Penal and Correctional Institutions § 58 *et seq.*
Validity of statutes prohibiting or restricting parole, probation, or
suspension of sentence in cases of violent crimes. 100 ALR3d 431.

murder and major controlled substance offenses at ten calendar years (MCL 791.233b, 791.234; MSA 28.2303[3], 28.2304).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Robert L. Kaczmarek,* Prosecuting Attorney, and *Annette M. Gray,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Mardi Crawford),* for defendant on appeal.

Before: GRIBBS, P.J., and J. H. GILLIS and V. J. BRENNAN, JJ.

PER CURIAM. After waiver proceedings in the Juvenile Division of Saginaw County Probate Court, defendant Jonathan Martin, Jr., was charged as an adult with felony-firearm, MCL 750.227b; MSA 28.424(2), and open murder, MCL 750.316; MSA 28.548; MCL 750.317; MSA 28.549. He pled guilty to second-degree murder, MCL 750.317; MSA 28.549, and was sentenced to life imprisonment. He appeals as of right.

Defendant first claims that resentencing is mandated because the trial court led him to believe that the parole board would obtain jurisdiction to parole him in ten years even though he was sentenced to life in prison. We disagree.

In *People v Waterman,* 137 Mich App 429; 358 NW2d 602 (1984), our Court recently analyzed the effects of Proposal B, MCL 791.233b; MSA 28.2303(3), on the "lifer law", MCL 791.234; MSA 28.2304. It concluded that the Attorney General [OAG, 1979-1980, No 5,583, p 438 (October 16, 1979)] was in error in determining that the minimum term of ten years established by the "lifer law" was the "special parole" eliminated by Proposal B. "[T]he 'lifer law', in effect, sets the minimum term on all life sentences other than first-

degree murder and major controlled substance offenses at ten calendar years." 137 Mich App 437.

The Court held that Proposal B did not repeal the "lifer law". Proposal B eliminated only the allowances for good time, special good time, and special parole to reduce the ten-year minimum on nonmandatory life sentences. See *Waterman, supra.*

The defendant in *Waterman* received a nonmandatory life sentence for a first-degree criminal sexual conduct conviction and he was sentenced under a sentence bargain which was based on the idea that the "lifer law" would apply to the sentence making the defendant eligible for parole consideration after he served ten years in prison. The Court found that his bargain was not illusory because the defendant received that bargain.

The *Waterman* opinion conflicts with the dicta in *People v Cohens,* 111 Mich App 788; 314 NW2d 756 (1981), where the Court opined that parole eligibility for a prisoner sentenced to life for a crime enumerated in Proposal B is precluded by MCL 769.9; MSA 28.1081, which provides that no minimum term of years may be set when a life sentence is imposed. "[F]or purposes of Proposal B, the minimum term is, in effect, life imprisonment." 111 Mich App 796.[1] We also disagree with the dicta in *Cohens.*[2]

---

[1] The *Waterman* Court noted this apparent conflict and expressly disavowed the dicta in *Cohens.*

[2] Judge Brennan sat on the panel which decided *People v Stevens,* 128 Mich App 354; 340 NW2d 852 (1983), in a per curiam opinion. The *Stevens* panel cited the *Cohens* opinion for the proposition that Proposal B mandates that the defendant serve a full life sentence (nonmandatory life for first-degree criminal sexual conduct), without elegibility for parole in ten years as provided for by the "lifer law". 128 Mich App 357. Upon further examination of *Cohens* and in light of the detailed analysis provided in *Waterman,* Judge Brennan now believes that *Waterman* provides the correct interpretation of the law.

In the instant case, it appears that the trial court believed that defendant would be eligible for parole under the nonmandatory life sentence it imposed. According to *Waterman,* the plaintiff's bargain is not illusory. He received the benefit of his bargain and will be eligible for parole after he has served ten calendar years on his sentence. Therefore, resentencing is not mandated.

The defendant's remaining claim of error is also without merit.

Conviction and sentence affirmed. We retain no further jurisdiction.

J. H. GILLIS, J. *(concurring).* I concur. Although I authored the opinion in *People v Cohens,* 111 Mich App 788; 314 NW2d 756 (1981), the discussion contained therein regarding the effect of Proposal B on life sentences was indeed dicta. Upon reconsideration of the issue in light of the analysis contained in *People v Waterman,* 137 Mich App 429; 358 NW2d 602 (1984), I confess that I have changed my mind. I now agree that Proposal B did not repeal the "lifer law", and thus parole consideration under MCL 791.234; MSA 28.2304 is not precluded for a prisoner sentenced to life for a crime enumerated in Proposal B. In doing so, I recall the words of Lord Westbury, who "rebuffed a barrister's reliance upon an earlier opinion of his Lordship [by replying] 'I can only say that I am amazed that a man of my intelligence should have been guilty of giving such an opinion.'" *McGrath v Kristensen,* 340 US 162, 178; 71 S Ct 224; 95 L Ed 173 (1950).